UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL CLOUD,<br><br>Plaintiff,<br><br>v.<br><br>MUSCLETECH RESEARCH & DEVELOPMENT, INC., CFI WISCONSIN I, d/b/a CENTURY FOODS INTERNATIONAL<br><br>Defendants. | C.A. No. 03-392 T |

**MUSCLETECH RESEARCH & DEVELOPMENT, INC.'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM THE NEW ENGLAND PATRIOTS IN RESPONSE TO A SUBPOENA DUCES TECUM**

Defendant MuscleTech Research & Development, Inc. ("MuscleTech") hereby moves to compel the production of documents from the New England Patriots in response to a subpoena duces tecum. MuscleTech relies upon the accompanying memorandum of law and exhibits thereto. MuscleTech hereby certifies that its counsel has in good faith attempted to confer with the Patriots's counsel in an effort to secure the documents without Court action.

MUSCLETECH RESEARCH & DEVELOPMENT, INC.

By its Attorneys,

Gerald Petros / MRE

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (Fax)

DATED: August 3, 2005

**CERTIFICATION**

TO:

Brian J. Molloy, Esq.
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, NJ 07095

Robert J. McConnell, Esq.
Motley Rice L.L.C.
321 South Main Street
Providence, RI 02903

Peter S. Julian
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036-6522

I certify that I mailed a true and accurate copy of the motion to compel to the counsel listed above on August 3, 2005.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL CLOUD,<br><br>Plaintiff,<br><br>v.<br><br>MUSCLETECH RESEARCH & DEVELOPMENT, INC., CFI WISCONSIN I, d/b/a CENTURY FOODS INTERNATIONAL<br><br>Defendants. | C.A. No. 03-392 T |

**MUSCLETECH RESEARCH & DEVELOPMENT, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM THE NEW ENGLAND PATRIOTS IN RESPONSE TO A SUBPOENA DUCES TECUM**

## I. INTRODUCTION

Regrettably, MuscleTech Research & Development, Inc. ("MuscleTech") must move to compel the New England Patriots ("Patriots"), a non-party to this action, to produce documents requested pursuant to a subpoena. MuscleTech's counsel has repeatedly attempted to obtain these documents from the Patriot's counsel with no success. For the reasons set forth below, MuscleTech is entitled to the documents requested in the subpoena, which the Patriots are withholding despite having received written authorization for the release of the documents from the Plaintiff, Michael Cloud ("Cloud"). There is no legitimate basis for the Patriots to withhold production of the requested documents. The Court should grant MuscleTech's motion to compel and order the production of the requested documents within 5 days of the date of the Court's order.

## II. BACKGROUND

On September 9, 2003, Cloud, a running back in the National Football League ("NFL"), filed a lawsuit in this Court against MuscleTech Research & Development, Inc. ("MuscleTech"), alleging that one of MuscleTech's products, Nitro-Tech, contained steroids and caused him to test positive during a random drug test administered while Cloud played for the Kansas City Chiefs ("Chiefs"). MuscleTech denies these allegations. During the 2003-2004 NFL season, Cloud played for the New England Patriots ("Patriots") as a back-up running back. The Patriots cut Cloud the next season. Cloud signed with the New York Giants ("Giants") for the 2004-2005 NFL Season and is currently on the Giants' roster.

On November 12, 2004, MuscleTech served a subpoena on the Patriots for a deposition and documents.[1] See Exhibit A. MuscleTech requested, among other things

> **Request No. 1** All documents related to or concerning [Cloud] including, but not limited to, all agreements, drafts, notes, correspondence, communications, medical records, personnel records, recordings, Cloud's compensation, tests or analyses of Cloud's blood and/or urine, physical examinations of Cloud, endorsement contracts, and Cloud's suspension, including, but not limited to, any hearing or appeal.

Exhibit A. MuscleTech also served a subpoena on the NFL, the Chiefs, and the Giants at or about the same time. On December 9, 2004, the Patriots served a response to the subpoena and objected to the request above on the grounds that it is purportedly overly broad, unduly burdensome, not relevant to the subject matter of the underlying litigation and not reasonably calculated to lead to the discovery of admissible evidence. See Exhibit B. The Patriots also objected to producing Cloud's medical and personnel records without Cloud's consent. If it received consent from Cloud, the Patriots agreed to a limited production of "documents relating to Mr. Cloud's suspension in 2003 that are not produced by the [NFL] . . . ." Exhibit B.

---

[1] MuscleTech agreed to reschedule the deposition until after it received the documents requested in the subpoena.

On February 16, 2005, Michael Cloud provided the Patriots with a broad authorization to disclose to counsel for MuscleTech and Cloud "all personal and medical records, information and documents including tests, and analyses of my urine and blood, and physical examinations of myself requested in MuscleTech Research and Development, Inc.'s Subpoena and any other documents that may be requested as supplemental discovery demands." Exhibit C.

On April 14, 2005, counsel for MuscleTech sent counsel for the Patriots a letter asking the Patriots to produce documents in response to the subpoena. See Exhibit D. On April 27, 2005, the NFL produced 173 pages of documents in response to the subpoena that MuscleTech served on the NFL. See Exhibit E. The Patriots did not produce a single document.[2]

On May 5, 2005, counsel for MuscleTech sent a letter to counsel for the Patriots asking for the production of all responsive, non-privileged documents by May 18, 2005. See Exhibit F. The Patriots did not send any documents to MuscleTech's counsel. On June 1, 2005, MuscleTech's counsel again wrote to the Patriot's counsel asking him to produce the documents requested in MuscleTech's subpoenas by June 8, 2005. See Exhibit G. On June 3, 2005, counsel for the Patriots responded to MuscleTech's multiple requests for the production of documents by continuing to assert its objections, but stating that he would ask his clients to consider producing additional documents and get back to MuscleTech's counsel shortly. See Exhibit H.

Over a month passed with no word from the Patriots. As a result, MuscleTech's counsel wrote yet another letter to the Patriot's counsel asking him to produce documents by July 18, 2005. See Exhibit I. MuscleTech's counsel did not receive any documents from the Patriots and has not heard from the Patriots's counsel. MuscleTech has shown great patience with the

[2] The Patriots stated that it would only produce documents not produced by the NFL. MuscleTech has received no documents directly from the Patriots.

Patriots. The time has come for the Patriots to comply with the subpoena and produce responsive documents.

## III. ARGUMENT

Federal Rule of Civil Procedure 26(b) permits a party to obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Federal Rule of Civil Procedure 45 permits a party to obtain discovery from a non-party and move for an order to compel the production of documents pursuant to the subpoena. "If the discovery appears relevant, the party objecting to the discovery request bears the burden of showing why that request is improper." Trading Technologies Int'l, Inc. v. Espeed, Inc., No. 04-5312, 2005 WL 1300778, at * 1 (N.D. Ill. April 28, 2005). Here, the Patriots cannot meet its burden.

Request No. 1 of MuscleTech's document requests to the Patriots seeks "[a]ll documents related to or concerning [Cloud] including, but not limited to, all agreements, drafts, notes, correspondence, communications, medical records, personnel records, recordings, Cloud's compensation, tests or analyses of Cloud's blood and/or urine, physical examinations of Cloud, endorsement contracts, and Cloud's suspension, including, but not limited to, any hearing or appeal." The Patriots have not produced a single document in response to this request, instead objecting on the grounds of relevance, burden, and privilege. The Patriots objections are without merit.

Request No. 1 seeks relevant documents in the litigation brought by Cloud. MuscleTech is entitled to all of Cloud's medical records, including drug tests, especially since Cloud has authorized the Patriots to release those records. Cloud has placed his medical history at issue in

this case by claiming that MuscleTech's product caused him to test positive for steroids. Cloud has authorized the release of his medical records from various physicians, Boston College and other NFL teams. Indeed, Cloud's physicians, Boston College and the Giants have responded to MuscleTech's subpoena and produced Cloud's medical records, among other documents.

MuscleTech is also entitled to Cloud's personnel records, including, but not limited to, scouting reports, internal memoranda, contract negotiation documents and correspondence, and documents reflecting compensation. Undoubtedly, the Patriots have documentation regarding its decision to cut Cloud from the team. All of these documents are relevant to Cloud's claim for damages and Cloud has authorized the Patriots to release all personal information requested in MuscleTech's subpoena. See Exhibit C.

Furthermore, the Court has entered a Stipulated Protective Order that will protect any confidential or proprietary documents produced by the Patriots. MuscleTech's counsel provided the Patriots' counsel with a copy of the Stipulated Protective Order on November 24, 2004, over eight months ago.

Finally, Michael Cloud played for the Patriots for one year. It is hard to believe that the Patriots would have such a large number of documents related to this one player to make MuscleTech's request for all documents related to Cloud "unduly burdensome." Certainly, the Patriots have not provided any evidence supporting this conclusion.

Request No. 3 of MuscleTech's document requests asked for

> All documents related to or concerning tests or analyses of NitroTech or any other MuscleTech product including, but not limited to, all correspondence, agreements, invoices, reports, notes, assays, underlying data, retained samples, protocols and procedures used for testing and analysis, standard operating procedures for methodology used for testing and analysis (including, but not limited to, descriptions and characteristics for standard operating procedures), raw data associated with each test and analysis (including, but not limited to, chromatography, log books, and calculations), quality assurance and quality

control procedures, and documents related to or concerning the chain of custody of the substance tested and/or analyzed.

The Patriots objected to this request, but stated that "to the extent New England possesses non-privileged documents relating to tests of Nitro Tech or any other MuscleTech product that are not produced by the NFL in response to a subpoena duces served on it by MuscleTech on or about November 11, 2004, it will produce such non-privileged documents." As stated earlier, the Patriots have not produced any documents in response to the subpoena. MuscleTech requests that the Court order the Patriots to produce all responsive, non-privileged documents in response to Request No. 3 or to state that no such documents exist.

Fairness requires that the Patriots respond fully and completely to Request Nos. 1 and 3 of MuscleTech's subpoena.

## IV. CONCLUSION

For all of the foregoing reasons, the Court should grant MuscleTech's motion to compel.

MUSCLETECH RESEARCH &
DEVELOPMENT, INC.
By its Attorneys,

Gerald Petros / MRC

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (Fax)

DATED: August 3, 2005

**CERTIFICATION**

TO:

Brian J. Molloy, Esq.
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, NJ 07095

Robert J. McConnell, Esq.
Motley Rice L.L.C.
321 South Main Street
Providence, RI 02903

Peter S. Julian
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036-6522

I certify that I mailed a true and accurate copy of the memorandum of law in support of the motion to compel to the counsel listed above on August 3, 2005.

Ann M. Christiansen

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF *Rhode Island*

**MICHAEL CLOUD**

**V.**

**MUSCLETECH RESEARCH AND DEVELOPMENT, INC.**

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]

**03-039/ML**

TO: ***NEW ENGLAND PATRIOTS ADMINISTRATIVE OFFICES***
***ONE PATRIOT PLACE, FOXBORO, MA 02035***

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. **See Exhibit A**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| ***Hinckley, Allen & Snyder LLP, 1500 Fleet Center, Providence, RI 02903*** | ***10:00 a.m.*** ***January 24, 2005*** |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

***See attached Document Request***

| PLACE | DATE AND TIME |
|---|---|
| ***Hinckley, Allen & Snyder LLP, 1500 Fleet Center, Providence, RI 02903*** | **10:00 a.m.** **January 24, 2005** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

☒ **Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, who have the most knowledge of the subjects listed on Exhibit A attached hereto and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | 11/9/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

*Gerald J. Petros, Esq., Hinckley, Allen & Snyder, LLP, 1500 Fleet Center, Providence, RI 401-274-2000*

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

IN HAND MS. JANE DC[illegible] ADMINISTRATIVE RECEPT[illegible]NIST & AGENT

# RETURN [illegible] SERVICE (3)

| | | | |
|---|---|---|---|
| RECEIVED BY SERVER | DATE<br>November 10, 2004 | PLACE<br>Boston, Massachusetts | |
| SERVED | DATE<br>November 12, 2004 | PLACE<br>ONE PATRIOT PLACE, FOXBORO , Massachusetts | |
| SERVED ON (NAME)<br>NEW ENGLAND PATRIOTS ADMINISTRATIVE OFFICES | | FEES TENDERED<br>☒ YES ☐ NO AMOUNT $ 140.00<br>☒ Advanced By Attorney | |
| SERVED BY<br>GERARD O'DONNELL JODREY | | TITLE<br>Process Server and a Disinterested Person | |

## STATEMENT OF SERVICE FEES

| | SERVICE FEE | TOTAL |
|---|---|---|
| | $ 45.00 ______ Trips | $ 45.00 |

## DECLARATION OF SERVER (4)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on November 12, 2004
Date

[signature]
Signature of Server

One Devonshire Place, Boston, Massachusetts
Address of Server

ADDITIONAL INFORMATION

PLEASE NOTE THAT IT WAS NECESSARY TO MAKE_____ ATTEMPTS BEFORE MAKING PROPER SERVICE.

| Date | Time | Remarks | FEE |
|---|---|---|---|
| | | **PLEASE NOTE THAT SAID JANE DOE INFORMED PROCESS SERVER THAT NO COURT PROCESS | $ ______ |
| | | WOULD BE ACCEPTED AT ANY TIME-BLACK FEMALE, 5'10"; 265 LBS., 35 YRS. AT 11:50 AM-YOUR | $ ______ |
| | | OFFICE WAS NOTIFIED. | $ ______ |
| | | | $ ______ |
| | | | $ ______ |
| | | | $ ______ |
| | | TOTAL | $ ______ |

(3) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, of Rule 45(c), Federal Rules of Civil Procedure.
(4) "fees and mileage need not be tendered to the deponent upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)"

Suvalle, Jodrey & Associates
Massachusetts Constables since 1925
One Devonshire Place
Boston, MA 02109
Telephone # (617) 720-5733
Fax # (617) 720-5737

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RECEIVED
AUG 0 2 2005

MICHAEL CLOUD,

Plaintiff,

v.

MUSCLETECH RESEARCH AND DEVELOPMENT, INC.,

Defendant.

C.A. NO. 03-039T

**AFFIDAVIT OF SUVALLE, JODREY & ASSOCIATES REGARDING SERVICE UPON NEW ENGLAND PATRIOTS**

I, Gerard O'Donnell Jodrey, having been duly sworn, do depose and say that:

1. I am a constable in the employ of Suvalle, Jodrey & Associates;
2. I make this affidavit on personal knowledge;
3. On November 12, 2004 I traveled to the corporate headquarters of the New England Patriots, located at One Patriot Place in Foxboro Massachusetts.
4. Once there, I identified myself and asked to see the person able to accept service.
5. However, the Patriots representative refused to identify herself or anyone else designated to accept service.
6. The subpoena and deposition notice were left in the possession of this person.
7. Service was achieved upon this person, as described in my return of service.

Gerard O'Donnell Jodrey
GERARD O'DONNELL JODREY

# 668211

STATE OF MASSACHUSETTS
COUNTY OF SUFFOLK

SUBSCRIBED AND SWORN to before me on this 29th day of July, 2005.

Notary Public
My Commission Expires: 12/15/11

# 668211

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL CLOUD, | : | |
| Plaintiff, | : | |
| v. | : | C.A. NO. 03-039ML |
| MUSCLETECH RESEARCH AND DEVELOPMENT, INC., | : | |
| Defendant. | : | |

**NOTICE TO TAKE DEPOSITION**
**OF THE NEW ENGLAND PATRIOTS**

TO: Robert J. McConnell, Esq.
Motley Rice LLC
381 South Main Street
Providence, RI 02903

Brian J. Molloy, Esq.
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6) and 45, defendant, MuscleTech Research and Development, Inc., by its attorneys, will take the deposition upon oral examination and before a person qualified to administer oaths and to make stenographic transcripts, of New England Patriots, which shall produce for deposition the person or persons most familiar with all topics set forth on Exhibit A attached hereto. The deposition will be held at the office of Hinckley, Allen & Snyder, 28 State Street, Boston, MA 02109, on **January 24, 2005, at 10:00 a.m.** and continue thereafter until concluded.

A Subpoena is also issued requesting the deponent bring to the deposition all documents on the attached Document Request.

You are invited to attend and cross-examine.

MUSCLETECH RESEARCH AND DEVELOPMENT, INC.

By its Attorneys,

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
401-274-2000
401-277-9600 (fax)

Dated: November 10, 2004

**CERTIFICATION**

I certify that I mailed a copy of this Notice to counsel of record on the 10th day of November, 2004.

**DEFINITIONS**

A. The term "documents" includes writings, recordings, tapes and discs of any kind, electronic data including, but not limited to, e-mails, and all other matter included under that term as defined in the Federal Court Rules of Civil Procedure and/or rulings of this Court, in the possession custody or control of the New England Patriots, and the custody or control of any agent or any other person purporting to act for or on behalf of the New England Patriots.

B. The term "communication" includes any written or oral communication, in person, by telephone, by electronic mail, or by any other means. A document transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document was prepared or created by the transferor or addressed to the transferee.

C. The phrases "relate to" or "relating to" shall mean directly or indirectly, in whole or in part, evidencing, constituting, mentioning, recording, discussing, reflecting, substantiating, describing, summarizing, identifying, referring to, or concerning in any way.

D. "NitroTech" shall mean the powder form of the MuscleTech product.

E. "Chain of custody" shall mean the person(s) or entities that have had possession, custody, or control over certain tangible things, as well as the period in which these person(s) or entities had possession, custody, or control, the circumstances under which they acquired possession, custody, or control, the handling of the tangible things during their possession, custody, or control, and where and how the tangible things were stored during their possession, custody, or controlled.

**DOCUMENT REQUESTS**

1. All documents related to or concerning Michael Cloud ("Cloud") including, but not limited to, all agreements, drafts, notes, correspondence, communications, medical records, personnel records, recordings, Cloud's compensation, tests or analyses of Cloud's blood and/or urine, physical examinations of Cloud, endorsement contracts, and Cloud's suspension, including, but not limited to, any hearing or appeal.

2. All documents related to or concerning the New England Patriots and/or National Football League policies and procedures related to or concerning steroids including, but not limited to, testing of players for use of steroids.

3. All documents related to or concerning tests or analyses of NitroTech or any other MuscleTech product including, but not limited to, all correspondence, agreements, invoices, reports, notes, assays, underlying data, retained samples, protocols and procedures used for testing and analysis, standard operating procedures for methodology used for testing and analysis (including, but not limited to, descriptions and characteristics for standard operating procedures), raw data associated with each test and analysis (including, but not limited to, chromatography, log books, and calculations), quality assurance and quality control procedures, and documents related to or concerning the chain of custody of the substance tested and/or analyzed.

4. All documents related to or concerning the New England Patriots and/or National Football League policies and procedures related to or concerning the use of nutritional supplements by National Football League players.

**EXHIBIT A**

1. All tests and/or analyses of NitroTech including, but not limited to, tests and/or analysis performed at the request of the New England Patriots.

2. The documents produced in response to the accompanying document request.

4. All tests or analyses related to or concerning Michael Cloud.

5. All tests or analyses related to or concerning NitroTech or any other MuscleTech product.

6. Communications between the New England Patriots and Michael Cloud or his attorney or other agents.

623255v1
(37638/118367)

12-9-04

DEC 1 3 2004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---------------------------------- x

| | | |
|---|---|---|
| MICHAEL CLOUD, Plaintiff, | : | 03-039/ML |
| -against- | : | |
| MUSCLETECH RESEARCH and DEVELOP-MENT, INC., Defendant. | : | |

---------------------------------- x

**RESPONSE OF THIRD-PARTY NEW ENGLAND PATRIOTS TO THE SUBPOENA DUCES TECUM SERVED ON OR ABOUT NOVEMBER 10, 2004**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, third-party New England Patriots ("New England"), by and through its undersigned attorneys, hereby serves its written response to the subpoena duces tecum served by mail on New England on or about November 10, 2004 (the "Subpoena") by defendant MuscleTech Research and Development, Inc. ("MuscleTech").

**GENERAL OBJECTIONS**

New England incorporates by reference each of the following General Objections into its Specific Objections to each of MuscleTech's document requests.

1. New England objects to the Subpoena to the extent it seeks to impose burdens on New England that are inconsistent with, or in addition to, New England's obligations under the Federal Rules of Civil Procedure or other applicable law.

2. New England objects to the Subpoena to the extent it requests documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity.

3. New England objects to the Subpoena to the extent it seeks documents to which parties or non-parties may have a legitimate right or expectation of privacy pursuant to state or federal constitutions, legislation, regulation, case law, or private contracts, including but not limited to federal labor law and the collective bargaining agreement between the NFL and the National Football League Players Association.

4. New England objects to the Subpoena to the extent it requests documents containing competitively sensitive and/or confidential business information belonging to New England, the public disclosure of which could cause substantial harm to New England.

5. New England objects to the Subpoena to the extent it seeks documents that could as readily be obtained from sources other than New England, including from parties to the above-captioned litigation.

6. New England objects to the Subpoena to the extent it seeks documents that do not appear to be relevant to the subject matter of the underlying litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

7. New England's failure to object to the Subpoena on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

8. New England reserves the right to assert further objections to the Subpoena in addition to those General Objections and Specific Responses asserted below, and to supplement its response to the Subpoena as required by the Federal Rules of Civil Procedure.

**SPECIFIC RESPONSES**

**DOCUMENT REQUEST NO. 1:**

All documents related to or concerning Michael Cloud ("Cloud") including, but not limited to, all agreements, drafts, notes, correspondence, communications, medical records, personnel records, recordings, Cloud's compensation, tests or analyses of Cloud's blood and/or urine, physical examinations of Cloud, endorsement contracts, and Cloud's suspension, including, but not limited to, any hearing or appeal.

***Response to Document Request No. 1*:**

New England hereby incorporates each of its General Objections into its response to Document Request No. 1. New England further objects to Document Request No. 1 to the extent it seeks all documents related to or concerning Michael Cloud, regardless of whether they relate to the issues being litigated in the underlying lawsuit, on the grounds that the request is overly broad and unduly burdensome, and seeks documents that are not relevant to the subject matter of the underlying litigation nor reasonably calculated to lead to the discovery of admissible evidence. New England further objects to Document Request

No. 1 to the extent it seeks Mr. Cloud's medical and personnel records on the grounds that Mr. Cloud has a legitimate right or expectation of privacy in those records, and the disclosure of those records would violate or compromise that right or expectation of privacy. New England also objects to Document Request No. 1 to the extent it seeks documents, including but not limited to Mr. Cloud's medical and personnel records and documents relating to his suspension, that could as readily be obtained from sources other than New England, including from Mr. Cloud. And New England objects to Document Request No. 1 to the extent it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, and subject to the receipt of Mr. Cloud's consent to the disclosure of his personnel and medical records, to the extent New England possesses non-privileged documents relating to Mr. Cloud's suspension in 2003 that are not produced by the National Football League (the "NFL") in response to a subpoena duces tecum served on it by MuscleTech on or about November 11, 2004, it will produce such non-privileged documents.

**DOCUMENT REQUEST NO. 2:**

All documents related to or concerning the New England Patriots and/or National Football League policies and procedures related to or concerning steroids including, but not limited to, testing of players for use of steroids.

***Response to Document Request No. 2:***

New England hereby incorporates each of its General Objections into its response to Document Request No. 2. New England further objects to Document Request No. 2 to the extent it seeks all documents relating to or concerning the New England Patriots and/or the NFL steroids policy on the ground that the request is overly broad, unduly burdensome, and seeks documents that are not relevant to the subject matter of the underlying litigation not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, New England states that it does not have a steroids policy separate from the steroids policy of the NFL, and New England refers MuscleTech to the NFL for the production of non-privileged documents sufficient to describe the NFL's steroids policy.

**DOCUMENT REQUEST NO. 3:**

All documents related to or concerning tests or analyses of Nitro Tech or any other MuscleTech product including, but not limited to, all correspondence, agreements, invoices, reports, notes, assays, underlying data, retained samples, protocols and procedures used for testing and analysis, standard operating procedures for methodology used for testing and analysis (including, but not limited to, descriptions and characteristics for standard operating procedures), raw data associated with each test and analysis (including, but not limited to, chromatography, log books, and calculations), quality assurance and quality control procedures, and documents related to or concerning the chain of custody of the substance tested and/or analyzed.

***Response to Document Request No. 3:***

New England hereby incorporates each of its General Objections into its response to Document Request No. 3. New England further objects to Document Request

No. 3 to the extent it seeks documents that could as readily be obtained from sources other than New England, including from Mr. Cloud.

Subject to and without waiving the foregoing objections, to the extent New England possesses non-privileged documents relating to tests of Nitro Tech or any other MuscleTech product that are not produced by the NFL in response to a subpoena duces served on it by MuscleTech on or about November 11, 2004, it will produce such non-privileged documents.

**DOCUMENT REQUEST NO. 4:**

All documents related to or concerning the New England Patriots and/or National Football League policies and procedures related to or concerning the use of nutritional supplements by National Football League players.

***Response to Document Request No. 4:***

New England hereby incorporates each of its General Objections into its response to Document Request No. 4. New England further objects to Document Request No. 4 to the extent it seeks all documents relating to or concerning the New England Patriots and/or the NFL nutritional supplements policies on the ground that the request is overly broad, unduly burdensome, and seeks documents that are not relevant to the subject matter of the underlying litigation not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, New England states that it does not have a nutritional supplements policy separate from the nutritional supple-

ments policies of the NFL, and New England refers MuscleTech to the NFL for the production of non-privileged documents sufficient to describe the NFL's nutritional supplements policies.

Dated: December 9, 2004

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: Shepard Goldfein
Peter S. Julian
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for New England Patriots

**CERTIFICATE OF SERVICE**

I, Peter S. Julian, hereby certify that, on December 9, 2004, I caused a true and correct copy of the Response of Third-Party New England Patriots to the Subpoena Duces Tecum Served on or about November 10, 2004, to be served by first class mail on:

Gerald J. Petros
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
Attorneys for MuscleTech Research
and Development Inc.

Brian Molloy
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, NJ 07095
Attorneys for Michael Cloud

Peter S. Julian

# AUTHORIZATION

TO: New England Patriots Administrative Offices
One Patriot Place
Foxboro, Ma 02035

c/o: Peter S. Julian, Esq.
Four Times Square
New York, New York 10036

**RE: Michael Cloud v. MuscleTech Research and Development, Inc.**
**Docket No.: 03-039/ML**

You are hereby requested and authorized to disclose, make available and furnish to

Gerald Petros, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903
Attorneys MuscleTech Research and Development, Inc.

**-and-**

Brian J. Molloy, Esq.
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
Woodbridge, New Jersey 07095
Attorneys for Michael Cloud

... all personal and medical records, information and documents including tests, and analyses of my urine and blood, and physical examinations of myself, requested in MuscleTech Research and Development, Inc.'s Subpoena and any other documents that may be requested as supplemental discovery demands.

MICHAEL CLOUD

Dated:

**HinckleyAllenSnyder LLP**
ATTORNEYS AT LAW

1500 Fleet Center
Providence, RI 02903-2393
TEL: 401.274.2000
FAX: 401.277.9600
www.haslaw.com

*Mitchell R. Edwards*
medwards@haslaw.com

FILE

**VIA FACSIMIL AND REGULAR MAIL**

April 14, 2005

Peter Julian, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036

**Re: Michael Cloud v.**
**MuscleTech Research & Development, Inc. et al.**

Dear Peter:

I understand from our conversation last month and your voicemail earlier this month that your clients are collecting documents to respond to the subpoena served by MuscleTech Research & Development, Inc. As I mentioned in my voicemail to you yesterday, we must have the documents responsive to the requests in the subpoenas served on the National Football League, the New England Patriots, and the Kansas City Chiefs on or before April 27, 2005. Please have those documents sent to my attention.

Thank you for your cooperation.

Sincerely,

Mitchell R. Edwards

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR TIMES SQUARE
NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-2190
DIRECT FAX
917-777-2190

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

April 27, 2005

**BY FEDERAL EXPRESS**

Mitchell R. Edwards, Esq.
Hinckley Allen Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903

Brian J. Molloy, Esq.
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
Woodbridge, New Jersey 07095

Re: Michael Cloud v. MuscleTech Research & Development, Inc.

Dear Mitchell and Brian:

Subject to and without waiving the objections that the National Football League, the Kansas City Chiefs Football Club, and the New England Patriots previously interposed in response to the subpoenas served on them by MuscleTech Research & Development, Inc. in the above-referenced action, I am sending you the enclosed documents, Bates No. 0001 through 0173, in response to those subpoenas.

Very truly yours,

Peter S. Julian

Enclosures

**HinckleyAllenSnyder LLP**
ATTORNEYS AT LAW

*Mitchell R. Edwards*
medwards@haslaw.com

1500 Fleet Center
Providence, RI 02903-2393
TEL: 401.274.2000
FAX: 401.277.9600
www.haslaw.com

**VIA FACSIMILE AND REGULAR MAIL**

May 5, 2005

Peter Julian, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036

**Re: Michael Cloud v.**
**MuscleTech Research & Development, Inc. et al.**

Dear Peter:

I am in receipt of the document production from the National Football League ("NFL), the New England Patriots ("Patriots"), and the Kansas City Chiefs ("Chiefs") in response to MuscleTech Research & Development, Inc.'s ("MuscleTech") subpoena. The production does not include many document requested in the subpoena including, but not limited to, documents related to Cloud's compensation and Cloud's physical examinations. Cloud has provided you with a release for all documents requested in MuscleTech's subpoena. I understand from your letter, however, that you are continuing to withhold documents despite Cloud's authorization to release the documents requested in the subpoena. Given Cloud's authorization, please produce all responsive, non-privileged documents to my attention by May 18, 2005.

In addition, Cloud has alleged that the Chiefs were involved in having NitroTech tested after Cloud tested positive for steroids. We would expect some documentation to be in the Chief's possession, but did not see any documentation from the Chief's in the document production.

The subpoena defined documents to include those within the possession of the NFL, the Patriots, and the Chiefs, as well as their agents or those acting on their behalf. Please confirm whether you had the UCLA Olympic Analytical Laboratory search for and produce responsive documents. If not, please have the laboratory produce responsive documents. In addition, we request permission to test a sample of Cloud's urine that the UCLA Olympic Analytical Laboratory tested on behalf of the NFL. Please let us know when and how we can access a sample of Cloud's urine for testing.

**HinckleyAllenSnyder LLP**
ATTORNEYS AT LAW

1500 Fleet Center
Providence, RI 02903-2393
TEL: 401.274.2000
FAX: 401.277.9600
www.haslaw.com

Thank you for your cooperation.

Sincerely,

Mitchell R. Edwards

cc: Brian J. Molloy, Esq.
William R. Grimm, Esq.
Gerald J. Petros, Esq.

**HinckleyAllenSnyder LLP**
ATTORNEYS AT LAW

1500 Fleet Center
Providence, RI 02903-2393
TEL: 401.274.2000
FAX: 401.277.9600
www.haslaw.com

*Mitchell R. Edwards*
medwards@haslaw.com

**VIA FACSIMILE AND REGULAR MAIL**

June 1, 2005

**FILE**

Peter Julian, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036

**Re: Michael Cloud v.**
**MuscleTech Research & Development, Inc. et al.**

Dear Peter:

On May 5, 2005, I sent you a letter asking you to have the National Football League ("NFL"), the New England Patriots ("Patriots"), and the Kansas City Chiefs ("Chiefs") produce documents responsive to MuscleTech Research & Development, Inc.'s ("MuscleTech") subpoenas that you are currently withholding. To date, I have not received any additional documents from the NFL, the Patriots or the Chiefs. As you know, Michael Cloud has authorized the release of all documents requested in MuscleTech's subpoenas. These documents are relevant to the current litigation between Mr. Cloud and MuscleTech. To avoid the unnecessary time and expense of motion practice, please produce the documents requested in MuscleTech's subpoenas by June 8, 2005.

Thank you for your cooperation.

Sincerely,

Mitchell R. Edwards

cc: Brian J. Molloy, Esq.
William R. Grimm, Esq.
Gerald J. Petros, Esq.
Gene H. Hennig, Esq.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-2190
DIRECT FAX
917-777-2190
EMAIL ADDRESS
PJULIAN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

June 3, 2005

**BY FACSIMILE AND REGULAR MAIL**

Mitchell R. Edwards, Esq.
Hinckley Allen Snyder LLP
1500 Fleet Center
Providence RI 02903-2393

Re: Cloud v. MuscleTech Research & Development, Inc.

Dear Mitchell:

I write in response to your letters to me dated May 5, 2005, and June 1, 2005. As you know, in response to your third-party subpoenas directed to the NFL, the New England Patriots, and the Kansas City Chiefs, we have produced documents to you relating to Michael Cloud's suspension after having tested positive for a substance banned by the NFL's Policy and Procedures for Anabolic Steroids and Related Substances. Those documents included documents comprising the policy itself, as well as laboratory test results, correspondence and other documents relating to the Cloud suspension in particular.

In responding to your subpoena, the NFL, the Patriots and the Chiefs made a good faith effort to search for and produce all non-privileged documents relating to the incident involving Michael Cloud and his suspension. The NFL and its member teams objected to the subpoenas, however, to the extent they could be construed to call for every document in the responding parties' possession relating to Michael Cloud during the entirety of his career in the NFL as overly broad and unduly burdensome. They also objected to such a broad construction of the subpoena on the grounds that the requested documents, particularly those confirming

Mr. Cloud's compensation and physical examinations, could as readily be obtained from Mr. Cloud himself. Moreover, we also did not read the subpoena as requiring the NFL or its member teams to request other third parties, including the independent UCLA Olympic Analytical Laboratory, to search for and produce documents in their possession, custody or control, and we have not done so.

Notwithstanding the foregoing, and in an effort to be cooperative, I have forwarded your correspondence to the NFL for their review and consideration. I will call you shortly to let you know what additional materials, if any, the NFL and its teams are willing to produce.

Very truly yours,

Peter S. Julian

**HinckleyAllenSnyder** LLP
ATTORNEYS AT LAW

1500 Fleet Center
Providence, RI 02903-2393
TEL: 401.274.2000
FAX: 401.277.9600
www.haslaw.com

*Mitchell R. Edwards*
medwards@haslaw.com

<u>**VIA FACSIMILE AND REGULAR MAIL**</u>

July 11, 2005

Peter Julian, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036

**Re: Michael Cloud v.**
**<u>MuscleTech Research & Development, Inc. et al.</u>**

Dear Peter:

I am in receipt of your letter dated June 3, 2005, in which you reiterate the objections of the National Football League ("NFL"), the Kansas City Chiefs ("Chiefs"), and the New England Patriots ("Patriots") to MuscleTech Research & Development, Inc.'s subpoenas. Needless to say, we disagree with your clients' withholding of responsive documents to the subpoenas. You mentioned in your letter that you would contact me shortly to let me know what additional materials, if any, the NFL and its teams were willing to produce. I have not heard from you about these additional materials. Please produce the additional documents from the NFL, the Chiefs, and the Patriots on or before July 18, 2005.

Sincerely,

Mitchell R. Edwards

cc: William R. Grimm, Esq.
Gerald J. Petros, Esq.
Gene H. Hennig, Esq.
Brian J. Molloy, Esq.