UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL CLOUD,
*Plaintiff*

vs. C.A. No.: 03-0392T

MUSCLETECH RESEARCH AND
DEVELOPMENT, INC., and
CFI WISCONSIN I, LLC d/b/a
CENTURY FOODS INTERNATIONAL,
*Defendants*

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO COMPEL**

Now comes defendants MuscleTech Research and Development, Inc., and CFI Wisconsin I, LLC d/b/a Century Foods International, and hereby objects to plaintiff's motion to compel. In support of this objection, the defendants rely upon the attached memorandum of law, and those arguments raised at the hearing of this motion.

MUSCLETECH RESEARCH AND
DEVELOPMENT, INC., and
CFI WISCONSIN I, LLC d/b/a
CENTURY FOODS INTERNATIONAL,
By their Attorneys,
MORRISON MAHONEY LLP

Mark T. Nugent, #2637
Paul V. Sullivan, #5712
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660
Fax: (401) 351-4420

604741v1

**CERTIFICATION**

I hereby certify that on this 6th day of January, 2006 a true copy of the foregoing was mailed, postage pre-paid, to:

<u>Counsel for Plaintiff</u>
Robert J. McConnell, Esquire
Motley Rice LLC
321 South Main Street
Providence, RI 02903

<u>Counsel for Plaintiff *Pro Hac Vice*</u>
Brian J. Molloy, Esquire
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
PO Box 10
Woodbridge, NJ 07095

Christine M. Woodbury



604741v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL CLOUD,<br>*Plaintiff* | : | |
| vs. | : | C.A. No.: 03-0392T |
| MUSCLETECH RESEARCH AND DEVELOPMENT, INC., and CFI WISCONSIN I, LLC d/b/a CENTURY FOODS INTERNATIONAL,<br>*Defendants* | : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S MOTION TO COMPEL**

Now comes defendants MuscleTech Research and Development, Inc., ("MuscleTech") and CFI Wisconsin I, LLC d/b/a Century Foods International ("CFI"), and hereby object to the plaintiff's motion to compel discovery responses.

**I. Background.**

Defendant MuscleTech has answered interrogatories, and has produced to the plaintiff over 16,000 pages of documents. CFI has also answered interrogatories, and produced to the plaintiff over 7,000 pages of documents. Plaintiff in their motion to compel fails to attach the specific interrogatories or document requests that they seek to compel further answers to, and instead refer to letters and deposition transcripts. In responding to the plaintiff's document production response, defendants MuscleTech and CFI raised several general objections, and then responded to each individual document production request. Exhibit A, MuscleTech Document Production Response; Exhibit B, CFI Document Production Response.

**A. MuscleTech's Independent Product Testing Summaries for 2001 and 2002**

MuscleTech produced redacted copies of MuscleTech's Independent Product Testing and Summary for the 1st Quarter, Fiscal Year 2001, and for the 4th Quarter, Fiscal Year 2002. These redacted documents were marked as Exhibits at the deposition of MuscleTech's Chief Operating Officer Terry Begley. These documents contain confidential information, and information clearly not relevant to the subject product in dispute, which is solely MuscleTech's NitroTech product. Defendant MuscleTech has other product lines and other manufacturing facilities whose information the plaintiff is apparently seeking that this defendant disclose, and that information will be continued to be withheld.

The plaintiff does not attach the document production that they propounded, nor recite the document production request that they seek to compel a further response from on this issue. Instead, in paragraph 5 of plaintiff's counsel's declaration, the plaintiff states "Plaintiff's Doocument requests to MuscleTech Numbered 26 through 30 essentially required MuscleTech to produce all documents relating testing of NitroTech . . ." That request, and the defendant's response is consistent with redacting information in these requested reports that do not pertain to NitroTech. As a practical matter, in addition to the two Independent Product Testing and Summary documents (1st qtr, FY 2001; 4th qtr, FY 2002) that have already been produced in redacted form, the defendant is in the process of obtaining and will produce redacted copies of the Independent Product Testing and Summary for the 2nd and 4th quarters FY 2001, and all four quarters of FY 2002.[1] These documents will be produced in accordance with the actual document production request and subject to the previously raised objections – ie. only portions related to the NitroTech product will be disclosed, with the remaining portions of these reports redacted.

---

[1] The defendant is attempting to determine whether a 3rd Quarter FY 2001 document exists, and if so, the defendant will be producing a redacted version as indicated above.

**B. Craig Ballantyne and Stuart Lowther Information.**

This request is moot, as the plaintiff has all the requested information pertaining to these persons. In fact, the plaintiff received these former employees' last known address and Stuart Lowther's attorney information in November 2005. The only remaining information on this issue that the plaintiff was seeking – Craig Ballantyne's attorney information – was provided to the plaintiff two days before they even filed this motion.

**C. MuscleTech's Advertising Costs and Clinical Studies Costs for the Years 2000 to the Present for NitroTech Product Specifically, and for all MuscleTech Products.**

In support of this request, plaintiff's counsel cites their Document Request #9, Interrogatory #15, and then conversations at the deposition of MuscleTech's Terry Begley. The referenced document request and interrogatory specifically identify the MuscleTech Product NitroTech, yet the plaintiff seeks to obtain this information as to all MuscleTech products. Defendant MuscleTech raised objections to this request that included objections for relevance, and overly broad, in addition to the general objections that were raised at the beginning of the document request. In his declaration supporting the motion to compel, plaintiff's counsel alleges that MuscleTech stated it would produce responsive documents. Counsel, however, omits the complete response, which states the various objections, and then "Subject to and without waiver of these objections, MuscleTech will produce responsive documents." (emphasis added). The defendant has further raised general objections, including that the request seeks documents beyond any relevant time period, as 2002 is the year that Mr. Cloud allegedly purchased the subject powder, and that the request seeks confidential, proprietary, and/or trade secret information.

The documents that plaintiff seeks to compel are not the same as what was sought in the discovery requests that the plaintiff propounded, and are excessive in time. Further, as indicated

previously, the documents and information sought are clearly not relevant to the subject product in dispute, which is solely MuscleTech's NitroTech product, or the subject claim.

**D. CFI Documents**

> 1. Plaintiff made no good faith effort made to resolve dispute. Plaintiff sent a letter dated December 19, 2005 to defense counsel regarding this discovery issue, and before any response was made, filed four days later, on December 23, 2005, this motion to compel.

On May 16, 2005, CFI responded to plaintiff's First Request for Production of Documents. Plaintiff's document request to CFI contained a single request, as follows:

> **Request No. 1**: All documents referred to, relied upon, or identified by CFI in responding to Plaintiff's First Set of Interrogatories.
>
> **Response No. 1**: Subject to and without waiver of the General Objections, CFI will produce or has produced documents referenced in CFI's answers to interrogatories.

Exhibit B. CFI has produced over 7,000 documents in response to plaintiff's document production request. On or about December 7, 2005, we received a further set of documents pertaining to CFI to produce to the plaintiff. On December 13, 2005, the CFI documents were produced to the plaintiff. In a letter dated December 19, 2005, plaintiff's counsel raised certain issues regarding just three pages of those documents. Instead of making a good faith attempt to resolve this discovery issue, or even giving the defendant time to respond to this purported good faith letter dated December 19th, the plaintiff filed this motion to compel just four days later, on December 23, 2005. In fact, the plaintiff acknowledges in his declaration filed in support of the plaintiff's motion to compel that this motion was filed "prior to a determination that Plaintiff's good faith efforts to resolve this issue with counsel were fruitless." Federal Rule 37(a), which the plaintiff cites in his motion to compel, explicitly states, in pertinent part, that, "The motion must include a certification that the movant has in good faith conferred or attempted to confer

with the party not making the disclosure in an effort to secure the disclosure without court action." Fed.R.Civ.P. 37(a)(2)(A). The plaintiff has not made a good faith effort to resolve this dispute over three pages of documents where CFI has already produced over 7,000 documents, and plaintiff's alleged good faith effort is a letter dated December 19th, followed four days later, on December 23rd, with a motion to compel hand-filed with the court.

2. Plaintiff's declaration is clearly wrong with regards to the Cologne, Germany, test results.

Plaintiff's declaration, paragraph 27, states that the CFI supplemental document production response indicates that four products were tested by a Cologne, Germany, laboratory, but the report contains results from only two of the four products tested. This is flatly wrong, and misreads the subject document. Any good faith attempt to resolve this dispute would have made that clear. The subject document is two pages in length, identifies four samples tested, and in stating that all were negative contains a hyphen ("-") between the first and last samples tested. Simply put, the results are inclusive, i.e 1-4 means items 1,2,3 and 4, are negative, not just 1 and 4, as the plaintiff apparently reads the test results.

3. Plaintiff's only further issue with CFI's supplemental document production is the identity of who allegedly wrote on the e-mail/other form. That is not the proper forum for a motion to compel.

Presumably, plaintiff's sole remaining contention with the CFI documents are who made the handwritten annotations on two pages. The defendant has made inquiries as to whose handwriting appears on these two documents, and will provide the plaintiff with the identity of that person. The actual documents have been produced, and the requested further information is not the proper subject of a motion to compel.

Wherefore, the defendants request that the court deny the plaintiff's motion to compel.

MUSCLETECH RESEARCH AND
DEVELOPMENT, INC., and
CFI WISCONSIN I, LLC d/b/a
CENTURY FOODS INTERNATIONAL,
By their Attorneys,
MORRISON MAHONEY LLP

Mark T. Nugent, #2637
Paul V. Sullivan, #5712
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660
Fax: (401) 351-4420

**CERTIFICATION**

I hereby certify that on this 6th day of January, 2006 a true copy of the foregoing was mailed, postage pre-paid, to:

Counsel for Plaintiff
Robert J. McConnell, Esquire
Motley Rice LLC
321 South Main Street
Providence, RI 02903

Counsel for Plaintiff *Pro Hac Vice*
Brian J. Molloy, Esquire
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
PO Box 10
Woodbridge, NJ 07095

**Request No. 17:**

All documents that refer or relate to communications between the manufacturer(s) of NitroTech regarding the issue of contamination of NitroTech.

**Response No. 17:**

Subject to and without waiver of the General Objections, MuscleTech will produce responsive documents.

**Request No. 18:**

All documents that refer or relate to the selection of a manufacturer(s) for NitroTech.

**Response No. 18:**

Subject to and without waiver of the General Objections, at this time MuscleTech is not aware of documents responsive.

**Request No. 19:**

All documents that refer or relate to the manufacturing process of NitroTech.

**Response No. 19:**

Subject to and without waiver of the General Objections, MuscleTech will produce responsive documents.

**Request No. 20:**

All documents that refer or relate to equipment used to manufacture NitroTech.

**Response No. 20:**

Subject to and without waiver of the General Objections, MuscleTech will produce responsive documents.

**Request No. 21:**

All documents that refer or relate to any claim you have made that refers or relates to the manufacture of NitroTech.

**Response No. 21:**

In addition to the General Objections, MuscleTech objects to Request No. 21 on the grounds that it is vague as to the word "claim." Subject to and without waiver of these objections, MuscleTech will produce responsive documents.

**Request No. 22:**

Product specification sheets used in the manufacture of NitroTech.

**Response No. 22:**

Subject to and without waiver of the General Objections, MuscleTech will produce responsive documents.

**Request No. 23:**

Documents sufficient to identify the ingredients used in the manufacture of NitroTech.

**Response No. 23:**

Subject to and without waiver of the General Objections, MuscleTech will produce responsive documents.

**Request No. 24:**

Documents sufficient to identify the ingredients used in the manufacture of each MuscleTech product.

**Response No. 24:**

In addition to the General Objections, MuscleTech objects on the grounds that Request No. 24 is overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence. Subject to and without waiver of these objections, MuscleTech will produce documents sufficient to identify the ingredients used in the manufacture of MuscleTech products manufactured at CFI in 2002.

**Request No. 25:**

Documents sufficient to identify the ingredients used in the manufacture of each product manufactured at the same location(s) as NitroTech.

**Response No. 25:**

Subject to and without waiver of the General Objections, MuscleTech will produce documents sufficient to identify the ingredients used in the manufacture of MuscleTech products manufactured at the same location at CFI in 2002.

**Request No. 26:**

All documents that refer or relate to tests or testing procedures of the individual ingredients of NitroTech conducted prior to the supplement being packaged for sale.

**Response No. 26:**

Subject to and without waiver of the General Objections, MuscleTech will produce responsive documents.

**Request No. 27:**

All documents that refer or relate to tests or testing procedures of NitroTech after it has been manufactured, including but not limited to testing of retained samples of the product.

**Response No. 27:**

Subject to and without waiver of the General Objections, MuscleTech will produce responsive documents.

**Request No. 28:**

All documents that refer or relate to quality control procedures or quality assurance testing used in the manufacture of NitroTech.

**Response No. 28:**

Subject to and without waiver of the General Objections, MuscleTech will produce responsive documents.

**Request No. 29:**

All documents that refer or relate to quality control procedures used in the manufacture of each product manufactured at the same location(s) as NitroTech.

**Response No. 29:**

Subject to and without waiver of the General Objections, MuscleTech will produce responsive documents.

**Request No. 30:**

All documents that refer or relate to any test, lab analysis, or other procedure performed on NitroTech which detected the presence of any ingredient or compound not listed on the ingredients panel of NitroTech, including but not limited to the presence of norandrostenedione, androstenediol or androstenedione, no matter how trace the amount detected.

**Response No. 30:**

Subject to and without waiver of the General Objections, MuscleTech will produce documents that purport to show steroids were found in NitroTech.

**Request No. 31:**

All documents that refer or relate to NitroTech batch number "2152J40 1923 BEST BY 06/04."

**Response No. 31:**

In addition to the General Objections, MuscleTech objects to Request No. 31 on the grounds that it is overbroad and unduly burdensome. Subject to and without waiver of these objections, MuscleTech will produce responsive documents that refer to batch number "2152J40 1923 BEST BY 06/04."

**Request No. 32:**

All documents that set forth procedures, rules or guidelines that govern or direct employee conduct including, but not limited to, any and all employee manuals or handbooks.

**Response No. 32:**

In addition to the General Objections, MuscleTech objects to Request No. 32 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 33:**

All documents that Defendant or the manufacturer of NitroTech requires employees involved in the manufacturing process to sign, acknowledge receipt of, or generally, maintain, including but not limited to waivers of liability, compliance forms, and safety manuals.

**Response No. 33:**

Subject to and without waiver of the General Objections, MuscleTech states that it does not have any documents responsive to Request No. 33.

**Request No. 34:**

Documents sufficient to identify the name, address, telephone number and title of each individual known by MuscleTech who was involved in the manufacture of NitroTech.

**Response No. 34:**

In addition to the General Objections, MuscleTech objects to Request No. 34 on the grounds that it is overbroad and unduly burdensome. Subject to and without waiver of these objections MuscleTech states that it does not have any documents responsive to Request No. 34.

**Request No. 35:**

All documents that refer or relate to the identity of, and ingredients found within products (whether MuscleTech products or not) that are manufactured at the same facility that manufactures NitroTech.

**Response No. 35:**

In addition to the General Objections, MuscleTech objects to Request No. 35 on the grounds that it is overbroad and unduly burdensome. Subject to and without waiver of these objections, MuscleTech will produce documents that identify the ingredients found within MuscleTech products manufactured at CFI during 2002. MuscleTech does not have any documents identifying the ingredients in products manufactured at CFI other than MuscleTech products.

**Request No. 36:**

All inventory lists, warehouse receipts, bills of lading or any such document that identifies which ingredients are stored, located and/or kept on the premises of each facility that manufactures NitroTech, regardless of whether those ingredients are found in MuscleTech.

**Response No. 36:**

In addition to the General Objections, MuscleTech objects to Request No. 36 on the grounds that it is overbroad and unduly burdensome. Subject to and without waiver of these objections, MuscleTech states that does not have any documents identifying ingredients stored,

located and/or kept on the premises at CFI, other than those produced in response to Request No. 35.

**Request No. 37:**

All documents that refer or relate to each and every clinical study performed by Defendant, or at its behest, which tested NitroTech, including, without limitation, all supporting or underlying information, data and records that relate in any way to any clinical studies, any payments made by Defendant as a result of or in connection with any such study, and include copies of all such clinical studies.

**Response No. 37:**

Subject to and without waiver of the General Objections, MuscleTech will produce responsive documents.

**Request No. 38:**

All documents that refer or relate to any clinical study that supports, pertains to, or in any way relates to the efficacy of NitroTech, and include copies of all clinical studies these documents specifically refer or relate to.

**Response No. 38:**

Subject to and without waiver of the General Objections, MuscleTech will produce responsive documents.

**Request No. 39:**

All documents that refer or relate to any claim or litigation in which allegations of negligence, product contamination, products liability, breach of the implied warranty of merchantability, or fraud (specifically including deceptive trade practices) have been asserted against you.

**Response No. 39:**

Subject to and without waiver of the General Objections, MuscleTech will produce responsive documents, if any exist, with respect to NitroTech.

**Request No. 40:**

All documents that refer or relate to claims (whether or not litigation was filed) regarding NitroTech including, but not limited to: (i) correspondence, or any other such document, whereby allegations of contamination, products liability, deceptive marketing and/or acts of fraud are set forth; (ii) correspondence, or any other such document, to or from any governmental entity or agency whereby allegations of contamination, products liability, deceptive marketing and/or acts of fraud are set forth; and (iii) correspondence, or any other such document, by and between MuscleTech and any regulatory entity or agency whereby allegations of contamination, products liability, deceptive marketing and/or acts of fraud are set forth.

**Response No. 40:**

Subject to and without waiver of the General Objections, MuscleTech will produce responsive documents.

**Request No. 41:**

All documents that refer or relate to consumer complaints regarding product contamination for NitroTech.

**Response No. 41:**

In addition to the General Objections, MuscleTech objects to Request No. 41 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections, MuscleTech will produce responsive documents relating to the purported contamination of NitroTech with steroids.

**Request No. 42:**

All documents that refer or relate to consumer complaints regarding product contamination for any MuscleTech product manufactured at the same facility/facilities as NitroTech.

**Response No. 42:**

In addition to the General Objections, MuscleTech objects to Request No. 42 on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections, MuscleTech will produce responsive documents relating to the purported contamination of NitroTech with steroids.

MUSCLETECH RESEARCH &
DEVELOPMENT, INC.
By its Attorneys,

Gerald Petros / MKE

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (Fax)

DATED: September 21, 2004

**CERTIFICATION**

TO:

Brian J. Molloy, Esq.
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, NJ 07095

Robert J. McConnell, Esq.
Motley Rice L.L.C.
321 South Main Street
Providence, RI 02903

I certify that I mailed a true and accurate copy of the within Response to First Request for Production of Documents to counsel of record, as set forth above, on September 21st, 2004.

[signature]

 5/16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL CLOUD, | : | |
| Plaintiff, | : | |
| v. | : | C.A. NO. 03-039T |
| MUSCLETECH RESEARCH AND DEVELOPMENT, INC., ET. AL. | : | |
| Defendants. | : | |

**DEFENDANT CFI OF WISCONSIN, INC. d/b/a CENTURY FOODS INTERNATIONAL'S RESPONSE TO PLAINTIFF MICHAEL CLOUD'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant CFI of Wisconsin, Inc. d/b/a Century Foods International ("CFI") responds as follows to Plaintiff Michael Cloud's ("Cloud") First Request for Production of Documents dated March 17, 2004 (the "Requests"):

GENERAL OBJECTIONS

1. CFI objects to the Requests to the extent that they seek to require it to respond on behalf of any entity other than CFI.

2. CFI objects to the Requests to the extent that they seek to require it to disclose work product, privileged attorney-client communications or information otherwise protected from discovery on the grounds of privilege or the joint defense and/or common interest doctrine.

3. CFI objects generally and individually to the Requests on the grounds and to the extent that they are vague, overbroad, oppressive, unduly burdensome, excessive in number, not relevant to the subject matter of the litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

4. CFI objects to the Requests to the extent that they seek to require it to provide information that is equally available to Cloud.

5. CFI objects to the Requests including, but not limited to, the Definitions and Instructions, to the extent that they may purport to impose on CFI obligations beyond those imposed by the Federal Rules of Civil Procedure, the local rules of this Court, and/or the Stipulated Protective Order herein.

6. CFI objects to the Requests to the extent that they seek legal opinions or conclusions, or an expert opinion.

7. CFI objects to the Requests to the extent they seek confidential, proprietary or trade secret information.

8. CFI objects to the Requests to the extent it calls for the production of documents outside of CFI's possession, custody, or control.

9. CFI objects to the definition of "NitroTech" to the extent it refers to a form of the product other than the powder form of the product.

Subject to these "General Objections" and the limitations that are outlined with regard to each specifically numbered discovery request, CFI responds to the Requests without waiver of, and with the preservation of the following:

1. The right to object to the use of any responses, or the subject matter thereof, on any ground in any proceedings in any action (including any trials).

2. The right to object on any ground, at any time, to a demand or request for a further response to the Requests or to any other Requests relating to the matters contained herein.

3. The right at any time to revise, correct, add to, supplement, or clarify any of the responses to the Requests contained herein.

**Request No. 1:**

All documents referred to, relied upon, or identified by CFI in responding to Plaintiff's First Set of Interrogatories.

**Response No. 1:**

Subject to and without waiver of the General Objections, CFI will produce or has produced documents referenced in CFI's answers to interrogatories.

CFI OF WISCONSIN, INC. d/b/a CENTURY FOODS INTERNATIONAL

By its Attorneys,

Gerald Petros / MRE

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (Fax)

Gene H. Hennig
Rider Bennett
33 South Sixth Street
Suite 4900
Minneapolis, MN 55402
(admitted pro hac)

DATED: May 16, 2005