UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL CLOUD<br>Plaintiff,<br><br>vs.<br><br>MUSCLETECH RESEARCH AND DEVELOPMENT, INC., and CFI WISCONSIN I, LLC d/b/a CENTURY FOODS INTERNATIONAL,<br>Defendants. | : | C.A. No.: 03-0392T |

**NOTICE OF TEMPORARY RESTRAINING ORDER**

On January 18, 2006, RSM Richter Inc., in its capacity as the court-appointed monitor (the "Monitor") and foreign representative of MuscleTech Research and Development Inc. ("MDI") and certain of its subsidiaries[1] (together with MDI, the "Foreign Applicants"), filed a Petition Pursuant To 11 U.S.C. §§ 105(a), 1504, 1507, 1515, 1517, 1519, 1520 and 1521 Commencing Chapter 15 Cases And Seeking Entry Of An Order Recognizing Foreign Main Proceedings And Granting Further Relief And Additional Assistance (together with the Official Form B-1 Voluntary Petitions for each of the Foreign Applicants, the "Chapter 15 Petitions") in the United States Bankruptcy Court for the Southern District of New York (the "Bankrutpcy Court"), commencing chapter 15 cases ancillary to the proceedings of each of the Foreign Applicants which are pending under Canada's Companies' Creditors Arrangement Act, R.S.C.

---

1 The relevant subsidiaries of MDI are as follows: HC Formulations Ltd., CELL Formulations Ltd., NITRO Formulations Ltd., MESO Formulations Ltd., ACE Formulations Ltd., MISC Formulations Ltd., GENERAL Formulations Ltd., ACE US Trademark Ltd., MT Canadian Supplement Trademark Ltd., MT Foreign Supplement Trademark Ltd., HC Trademark Holdings Ltd., HC US Trademark Ltd., 1619005 Ontario Ltd. (f/k/a NEW HC US Trademark Ltd.), HC Canadian Trademark Ltd., HC Foreign Trademark Ltd.

1985, c. C-36, as amended, before the Ontario Superior Court of Justice (Commercial List).

Contemporaneously with the filing of the Chapter 15 Petitions, the Monitor also filed with the Bankruptcy Court (i) a Complaint Pursuant To Federal Rules Of Bankruptcy Procedure 7001, 7003 And 7065 For Injunctive Relief Under Sections 105(a) And 1519 Of The United States Bankruptcy Code (the "Complaint"); and (ii) an Application For Order To Show Cause With Temporary Restraining Order And, After Notice And A Hearing, A Preliminary Injunction, Enjoining The Commencement Or Continuation Of Product Liability Actions Against Foreign Applicants And Others (the "Application"). Pursuant to the filing of the Chapter 15 Petitions, Complaint and Application, on January 18, 2006, the Bankruptcy Court entered an Order To Show Cause With Temporary Restraining Order And, After Notice And A Hearing, Preliminary Injunction, Enjoining The Commencement Or Continuation Of Product Liability Actions Against Foreign Applicants And Others (the "Temporary Restraining Order"). A true and correct copy of the Temporary Restraining Order is attached hereto and incorporated herein as Exhibit "A."

The terms of the Temporary Restraining Order provide, *inter alia*, that pending a hearing on the Application, all persons and entities are enjoined from continuing any Product Liability Action (as defined in the Temporary Restraining Order), including scheduled discovery, or commencing additional product liability litigation based on products sold by MDI, involving one or more of the Foreign Applicants or the Non-Applicant Defendants (as defined in the Temporary Restraining Order), or their respective assets or the proceeds thereof. Accordingly, the above-captioned litigation has been stayed by the entry of the Temporary Restraining Order.

MUSCLETECH RESEARCH AND DEVELOPMENT, INC.

Mark T. Nugent, #2637
Paul V. Sullivan, #5712
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660
Fax: (401) 351-4420

**Certificate of Service**

I hereby certify that on this 19th day of January, 2006, the foregoing "Notice of Temporary Restraining Order" has been served on counsel of record by facsimile and by placing a copy of same in the U. S. mail, postage prepaid as follows:

Counsel for Plaintiff
Robert J. McConnell, Esquire
Motley Rice LLC
321 South Main Street
Providence, RI 02903
(401) 457-7708 (Fax)

Counsel for Plaintiff *Pro Hac Vice*
Brian J. Molloy, Esquire
Wilentz Goldman & Spitzer, P.A.
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, NJ 07095-0958
(732) 855-6117 (Fax)



PH2\909042.1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:*<br><br>MUSCLETECH RESEARCH AND DEVELOPMENT INC., *et al.*;<br><br>Foreign Applicants in Foreign Proceedings. | In Cases Under Chapter 15 of the Bankruptcy Code<br><br>Case No. 06-10092 (JMP) |
| *In re:*<br><br>RSM RICHTER INC., AS FOREIGN REPRESENTATIVE OF MUSCLETECH RESEARCH AND DEVELOPMENT INC. AND ITS SUBSIDIARIES,<br><br>Plaintiff,<br><br>v.<br><br>SHARON AGUILAR, an individual; *et al.*,<br><br>Defendants. | Adversary Proceeding No. 06-1147 (JMP) |

**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER AND, AFTER NOTICE AND A HEARING, PRELIMINARY INJUNCTION, ENJOINING THE COMMENCEMENT OR CONTINUATION OF PRODUCT LIABILITY ACTIONS AGAINST FOREIGN APPLICANTS AND OTHERS**

Upon the application (the "Application") of RSM Richter Inc., in its capacity as the court-appointed monitor (the "Monitor") and foreign representative of MuscleTech Research and Development Inc. ("MDI") and certain of its subsidiaries (together with MDI, the "Foreign Applicants") in proceedings (the "Canadian Proceedings") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA") pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), pursuant to sections 105(a) and 1519 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), for the

entry of an order to show cause with temporary restraining order, and scheduling a hearing (the "Hearing") on the Monitor's motion for a preliminary injunction as set forth in the complaint (the "Complaint") filed in this adversary proceeding contemporaneously with the Application, enjoining the continuation of all product liability lawsuits based on the research, marketing, manufacture, sale and distribution primarily of products containing ephedra or prohormones, (collectively, the "Product Liability Actions") and the commencement of additional product liability litigation based on products sold by MDI, against the Foreign Applicants, the Non-Applicant Defendants (as defined below) or their respective assets or the proceeds thereof, and the Court having considered and reviewed the Complaint, the joint summons, the petitions filed by the Monitor under chapter 15 of the Bankruptcy Code for each of the Foreign Applicants (collectively, the "Chapter 15 Petitions"), the Affidavit of Ken Coleman and the Declaration of Peter Farkas, each in support of the Application and the Complaint, and the Memorandum of Points and Authorities filed in support of the Chapter 15 Petitions and the Application, each dated January 18, 2006, and the limited order entered by Mr. Justice Farley on January 18, 2006 in the Ontario Superior Court of Justice under the CCAA (collectively the "Supporting Papers"), and based on the foregoing, the Court finds and concludes solely for purposes of this Order pending the Hearing as follows:

(A) The Monitor has demonstrated a substantial likelihood of success that the Foreign Applicants are subject to pending foreign main proceedings in Canada and that the Monitor is the foreign representative of each of the Foreign Applicants;

(B) The commencement or continuation of any Product Liability Action in the United States against one or more of (i) the Foreign Applicants, (ii) Paul Gardiner and Terence Begley; (iii) the Paul Gardiner Family Trust; (iv) Iovate Health Sciences Group Inc., Iovate Health Sciences Inc., Iovate Health Sciences Research Inc., Iovate Health Sciences International Inc., Iovate Health Sciences U.S.A. Inc., Iovate Health Sciences Capital Inc. and Iovate Copyright Ltd.; (v) HVL, Inc. and Douglas Laboratories, Inc.; (vi) Peak Wellness, Inc. and Miami Research Associates Inc., and Carlon Colker, M.D. and Douglas Kalman; (vii) Stuart Lowther; and (viii) certain of the Foreign Applicants' customers that are wholesalers and retailers in the U.S. that sold MDI's products to the

general public, namely: Walgreen Co.; Wal-Mart Stores, Inc.; General Nutrition Corporation, n/k/a GN Oldco Corporation; General Nutrition Companies Inc., n/k/a GNCI Oldco, Inc.; General Nutrition Inc., n/k/a GNI Oldco, Inc.; GN Oldco Corporation, f/k/a General Nutrition Corporation; General Nutrition, Inc.; GNC Franchising, LLC; General Nutrition Distribution, L.P.; General Nutrition Distribution Corporation; General Nutrition Sales Corporation; General Nutrition Centers, Inc.; General Nutrition Centers, Inc., n/k/a Oldco Corporation; General Nutrition Companies, Inc.; General Nutrition Center, Store 100122; General Nutrition Center, Store 101603; GNC Corporation; General Nutrition Center International, Inc.; Raaj Singh, individually and t/a GNC/General Nutrition Center #0948; Vitamin World, Inc.; GNC Franchising, Inc.; Mandeville GNC, a/k/a Mackie Shilstone's GNC; CVS Corporation; James R. Wilson; Jackie Kneifel; and Rite Aid Corporation ((ii) – (viii) together, the "Non-Applicant Defendants") or any of their assets or proceeds thereof should be enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of the foreign estates in the Canadian Proceedings and to allow the parties in interest to explore potential global settlement scenarios to resolve the Product Liability Actions and all related claims in the Canadian Proceedings, and the relief requested will not cause either an undue hardship or that any hardship to parties in interest is outweighed by the benefits;

(C) Unless a temporary restraining order is issued, it appears to the Court that there is a material risk that one or more parties in interest will continue the prosecution of a Product Liability Action (including scheduled discovery) or commence similar product liability litigation based on products sold by MDI, involving one or more of the Foreign Applicants or the Non-Applicant Defendants, thereby potentially interfering with or causing harm to, the Monitor's efforts to administer the Foreign Applicants' estates pursuant to the Canadian Proceedings, and increasing the potential claims against the Foreign Applicants' estates as they and the Non-Applicant Defendants incur further defense costs and expenses, and as a result, the Foreign Applicants may suffer immediate and irreparable injury for which they will have no adequate remedy at law and therefore it is necessary that the Court grant the relief requested without prior notice to the Product Liability Plaintiffs and other parties in interest or their counsel;

(D) The interest of the public will be served by this Court's temporarily granting of the relief requested by the Monitor; and

(E) Venue is proper in this District pursuant to 28 U.S.C. § 1410.

NOW THEREFORE, IT IS HEREBY ORDERED, that all parties in interest to the Complaint come before the Honorable James M. Peck, United States Bankruptcy Judge, for the Hearing at 10:00 o'clock a.m. on January 25, 2006, in Courtroom 601 at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004, or as soon thereafter as counsel may be heard, why a preliminary injunction should not be granted:

(A) (i) enjoining, beginning on the date the Court enters such preliminary injunction and continuing for so long as the Canadian stay remains in effect, all persons and entities from continuing any Product Liability Action (including scheduled discovery) or commencing any additional product liability litigation based on products sold by MDI, involving one or more of the Foreign Applicants or the Non-Applicant Defendants, or against their respective assets or the proceeds thereof; and (ii) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award arising from any Product Liability Action against the Foreign Applicants or the Non-Applicant Defendants or their respective assets or the proceeds thereof, and commencing or continuing any act or action or other legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) to create, perfect or enforce any lien, setoff or other claim, based on the products sold by MDI, against the Foreign Applicants or the Non-Applicant Defendants or against any of their respective assets or the proceeds thereof;

(B) requiring that every person and entity that is a plaintiff in a Product Liability Action or other similar legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) in which one or more of the Foreign Applicants is or was named as a party, or as a result of which liability against one or more of the Foreign Applicants may be established, place the Monitor's United States counsel on the master service list of any such action or proceeding and take such other steps as may be necessary to ensure that such counsel receives at the address set forth below in the last paragraph of this Order, (i) copies of any and all documents served by the parties to such action or proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or proceeding, and (ii) any and all correspondence, or other documents circulated to parties listed on the master service list;

(C) requiring that with respect to any Product Liability Action or other similar product liability litigation based on products sold by MDI that may be commenced or become known to the Monitor in the future (each a "Subsequent Claim"):

(i) when informed of a Subsequent Claim, counsel for the Monitor shall serve upon the holder of such claim a copy of the Supporting Papers and this Order or any extension thereof;

(ii) the holder of a Subsequent Claim will have twenty (20) days from service of the Supporting Papers in which to file a response thereto or otherwise be enjoined from commencing or continuing any Product Liability Action involving one or more of the Foreign Applicants or the Non-Applicant Defendants, or their respective assets or the proceeds thereof; and

(iii) on not less than two (2) days' notice to counsel for the Monitor, the holder of a Subsequent Claim may file a motion seeking an order of the Court vacating or modifying the injunction entered in this proceeding with respect to such Subsequent Claim, and any such request shall be the subject matter of a hearing as scheduled by the Court and otherwise, the holder of a Subsequent Claim may file objections and be heard by the Court in accordance with the terms of any order of the Court providing for a hearing in the future on any subsequent relief sought by the Monitor in this proceeding,

ORDERED, that pending the Hearing, all persons and entities are hereby enjoined from (a) continuing any Product Liability Action (including scheduled discovery) or commencing additional product liability litigation based on products sold by MDI, involving one or more of the Foreign Applicants or the Non-Applicant Defendants, or their respective assets or the proceeds thereof; (b) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award arising from any Product Liability Action against the Foreign Applicants or the Non-Applicant Defendants or their assets, and commencing or continuing any act or action or other legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) to create, perfect or enforce any lien, setoff or other claim, based on the products sold by MDI, against the Foreign Applicants or the Non-Applicant Defendants or against any of their property; and it is further

ORDERED, that any party in interest may make a motion seeking relief from or modifying this Order by, on not less than two (2) days' notice to counsel for the Monitor, filing a motion seeking an order of the Court seeking relief from, vacating or modifying the injunction entered in this proceeding, and any such request shall be the subject matter of a hearing as scheduled by the Court and otherwise, any party in interest may file objections and be heard by the Court in accordance with the terms of any order of the Court providing for a hearing in the future on any subsequent relief sought by the Monitor in this proceeding; and it is further

ORDERED, that pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure be, and the same hereby are, waived; and it is further

ORDERED, that this Order shall be served upon counsel for the plaintiffs in the Product Liability Actions (as set forth in Exhibit 2 to the Chapter 15 Petitions), by electronic mail or by facsimile, or in the event service by electronic mail or facsimile cannot be accomplished, then by overnight delivery service, on or before January 19, 2006; and it is further

ORDERED, that copies of the Supporting Papers (with all exhibits thereto) shall be served upon counsel for the plaintiffs in the Product Liability Actions by overnight courier to be received by January 20, 2006; and it is further

ORDERED, that service in accordance with this Order shall constitute adequate and sufficient service and notice; and it is further

ORDERED, that the Supporting Papers shall also be made available by the Monitor upon request at the offices of Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020 to the attention of the following: Kelle Gagné, (212) 756-1197, Kelle.Gagne@allenovery.com; and it is further

ORDERED, that objections, if any, submitted for the purpose of opposing the Monitor's request for a preliminary injunction as set forth more fully in the Complaint and on the terms described above must be made in writing describing the basis therefor and shall be filed with the Court electronically in accordance with General Order M-182 by registered users of the court's Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, with hard copy to the Chambers of the Honorable James M. Peck, and served upon Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020

(Attention: Ken Coleman), United States counsel for the Monitor, so as to be received on or before January 24, 2006 at 11:00 a.m. (New York time); except that the foregoing is without prejudice to the right of any party-in-interest to seek, upon appropriate notice and hearing, to terminate or limit this temporary restraining order and shall not determine the nature and extent of any further relief that may be granted by the Court.

Dated: New York, New York
January 18, 2006

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE