MOTLEY RICE LLC
Robert J. McConnell, Esq. (#3888)
321 South Main Street
Providence, Rhode Island 02903
(401) 457-7700

WILENTZ, GOLDMAN & SPITZER,
A Professional Corporation
Brian J. Molloy, Esq., *Pro Hac Vice*, (BJM 7630)
90 Woodbridge Center Drive
PO Box 10
Woodbridge, NJ 07095
(732) 636-8000

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL CLOUD,<br><br>Plaintiff,<br><br>v.<br><br>MUSCLETECH RESEARCH AND DEVELOPMENT, INC., CFI WISCON: I, LLC, and CFI of Wisconsin, Inc. d/b/a CENTURY FOODS INTERNATIONAL,<br><br>Defendants. | Civil Action No. 03-392T |

**DECLARATION OF BRIAN J. MOLLOY IN SUPPORT OF MOTION TO COMPEL**

Brian J. Molloy, Esq., being of full age, under penalty of perjury, declare as follows:

1. I am a shareholder with the law firm of Wilentz, Goldman & Spitzer and submit this declaration in support of plaintiff Michael Cloud's ("Plaintiff") motion to compel defendants CFI Wisconsin, I, LLC, and CFI of Wisconsin, Inc. d/b/a/ Century Foods International (collectively "CFI Defendants") to produce discovery, pursuant to Federal Rule of Civil Procedure 37(a).

**A. CFI Defendants' Failure To Produce Invoices, Timesheets, And/Or Other Documentation That Would Breakdown The Timekeeper/Hours Spent By Each Person Working With James Smith, Phd. one of the CFI Defendants' Expert On This Matter**

2. On December 12, 2005, I took the deposition of James Smith, Ph.D., President of Trillium, Inc., one of the CFI Defendants' expert witnesses. In that deposition, Dr. Smith testified, among other things, that he could not identify a single section or even sentence of the report that he drafted, he could not even estimate how many hours he spent working on the project or the report (but he knew that other employees of his company spent more time than he did), and he could not even estimate how much he billed his client for his work, although he was certain that bills had been submitted.

3. To be clear, in regards to testimony pertaining to Dr. Smith's report, the CFI Defendants have not offered to

produce anyone to testify other than Dr. Smith. As such, Dr. Smith's time records, which would set forth the number of hours Dr. Smith and his colleagues spent working on this project and preparing the report, are of primary importance. Indeed, these time records would detail the nature and extent of the work actually performed by Dr. Smith in preparing his report, if any. In regards to bills Dr. Smith may have submitted to the CFI Defendants for working on this report or preparing the expert report, this information is relevant to establish Dr. Smith's bias in regards to the preparation of his report.

4. Given the relevance of the above information, I requested in the deposition that Dr. Smith, through defense counsel Mark Nugent, Esq., provide copies of all invoices submitted to Defendants, and to the extent those invoices did not give a breakdown of the individuals working on the project and the number of hours each person worked, I separately requested this information.

5. By letter dated December 14, 2005, only two (2) days after Dr. Smith's deposition, I reminded Mr. Nugent of the information requested by Plaintiff at the deposition of Dr. Smith, which included Plaintiff's request for "[a] copy of all timesheets for those individuals posting time in connection with

[Dr. Smith's] work in this matter, and copies of all invoices sent by Dr. Smith's company." There was no response to this letter.

6. As the CFI Defendants did not respond or produce the requested information, by letter dated January 9, 2006, I again confirmed the information requested by Plaintiff. As noted in my letter, Plaintiff again requested that Defendants produce:

> … copies of all invoices/bills [Dr. Smith] sent in connection with his work in this case, along with a breakdown of the timekeeper/hours spent by each person working on this matter, to the extant that information is not already set forth in the invoices/bills.

Again, there was no response to this letter requesting this information for the **third time**.

7. On or about January 16, 2006, I called Mr. Nugent because I still had not heard from him. He informed me that I should assume that the CFI Defendants' will not voluntarily produce the requested information.

8. As detailed above, Plaintiff has conferred with counsel for the CFI Defendants in good faith in an effort to secure the disclosure of such documents and information without court action.

9. In light of the foregoing, Plaintiff respectfully submits that the CFI Defendants have refused to produce relevant discovery in this matter, notwithstanding countless efforts by Plaintiff to obtain such discovery, and that CFI Defendants should be compelled to produce such discovery.

**B. Plaintiff's Instant Motion To Compel Is Timely**

10. While Plaintiff's companion motion to compel discovery was pending, I sent a letter to the Honorable Lincoln D. Almond, U.S.M.J. requesting that this dispute involving Dr. Smith's billing and related records be included in the intial motion.

11. I was advised by Chambers to file a separate motion, which I have done. In the interim, I received a copy of a letter from Mr. Nugent claiming that this motion is untimely. The facts do not support this contention, however.

12. I contacted Mr. Nugent to schedule the depositions of CFI Defendants' five (5) expert reports. Each deposition was scheduled without delay, except for Dr. Smith's. Indeed, my efforts to depose Dr. Smith were frustrated and hindered by the CFI Defendants, despite my repeated written requests for his deposition on or about November 16, 2005,

November 21, 2005, November 23, 2005, November 29, 2005 and December 8, 2005.

13. While my requests for Mr. Smith's deposition began earlier, my emails dated November 16, 2005 through November 21, 2005 are illustrative of the delay Plaintiff incurred in scheduling Mr. Smith's deposition. Attached hereto as Exhibit "A" is a true and accurate copy of emails between counsel for Plaintiff and counsel for the CFI Defendants dated November 16, 2005 through November 21, 2005.

14. For instance, in my initial email dated November 16, 2005, I specifically asked counsel for the CFI Defendants "[w]hen do you think i will have dep. [dates] for [Dr.] Smith and Reynolds?" (Exhibit A). When I had not heard back from the CFI Defendants, by letter dated November 21, 2005, which was faxed to Mr. Nugent, I again requested that Mr. Nugent provide me with dates for the depositions of Dr. Smith and Mr. Reynolds. Attached hereto as Exhibit "B" is a true and accurate copy of Plaintiff letter to counsel for the CFI Defendants dated November 21, 2005.

15. In response, by email dated November 21, 2005, counsel for the CFI Defendants provided available dates for Reynolds only, and not for Dr. Smith. See (Exhibit A). As

such, by email dated November 21, 2005, I was forced to inquire of the CFI Defendants, "[w]hat about Smith's dep-- you did not mention him in your reply." (Exhibit A).

16. As I received no response to my November 21, 2005 email, I sent a letter to Mr. Nugent dated November 23, 2005. In this letter I again attempted to schedule the deposition of Dr. Smith, and, indeed, stressed the importance of scheduling Dr. Smith's deposition in advance of "the cutoff for dispositive motions". Attached hereto as Exhibit "C" is a true and accurate copy of Plaintiff's counsel's letter to counsel for the CFI Defendants dated November 23, 2005.

17. Even after I spoke with CFI Defendants' counsel and suggested a date for Dr. Smith's deposition, I was again compelled to email counsel for CFI Defendants on November 29, 2005 to inquire whether counsel "had a chance to confirm the dep of Smith for 12/12?" Attached hereto as Exhibit "D" is a true and accurate copy of Plaintiff's counsel's email to counsel for the CFI Defendants dated November 29, 2005.

18. Only after chasing CFI Defendants, and acquiescing to several requests posed by CFI Defendants (such requests included arranging for the deposition to occur in Philadelphia, arranging for the Court Reporter to appear at the

deposition, and providing CFI Defendants with hotel information), was I able to finally confirm the deposition of Dr. Smith for December 12, 2005. Even still, on or about December 7, 2005, I was informed by counsel for the CFI Defendants that Dr. Smith's confirmed deposition date may have to be adjourned. Needless to say, I was less than pleased. As such, by email dated December 8, 2005, I informed counsel for the CFI Defendants I would not agree to adjourn the deposition of Dr. Smith, which subsequently was conducted as finally scheduled amongst the parties. Attached hereto as Exhibit "E" is a true and accurate copy of Plaintiff's counsel's email to counsel for the CFI Defendants dated December 8, 2005.

19. While the problems Plaintiff encountered scheduling Dr. Smith's deposition do not address the substance of Plaintiff's present motion to compel, these problems illustrate that any delay Plaintiff suffered in filing his present motion was borne primarily as a result of the CFI Defendant's actions.

**C. CFI Defendants Failure' To Produce Documents Requested At The Deposition Of Mr. Carl Reynolds, CFI Defendants' Expert Pertaining To Good Manufacturing Procedures Relating To Good Manufacturing Procedures**

20. On Saturday, December 17, 2005, Plaintiff took the deposition of Mr. Carl Reynolds, a Senior Consultant of the

AAC Consulting Group ("AAC"). Mr. Reynolds is the CFI Defendants' expert pertaining to good manufacturing procedures ("GMPs"). He opined that "CFI substantially complies with applicable GMPs."

21. During Mr. Reynolds deposition, Plaintiff inquired as to the standards Mr. Reynolds employs when auditing dietary supplement manufacturers. In response, Mr. Reynolds identified multiple standards. One standard Mr. Reynolds mentioned was the AAC's GMPs for manufacturers of dietary supplements, which document Plaintiff requested be produced.

22. Shortly after Mr. Reynolds' deposition, by email dated December 28, 2005, Plaintiff again requested that CFI Defendants produce the AAC Consulting Group's GMPs for manufacturers of dietary supplements. Attached hereto as Exhibit "F" is a true and accurate copy of Plaintiff's counsel's email to counsel for the CFI Defendants dated December 28, 2005.

23. By letter dated January 13, 2006, the CFI Defendants finally responded to the email request. Attached hereto as Exhibit "G" is a true and accurate copy of CFI Defendants' counsel's letter to Plaintiff's counsel dated January 13, 2006. In that letter, the CFI Defendants' advised Plaintiff for the first time that the document would not be

produced unless Plaintiff paid a fee for Mr. Reynolds to produce a document that is in his possession, custody or control. See (Exhibit G).

24. By email dated January 17, 2006, Plaintiff objected to CFI Defendants' demand. Attached hereto as Exhibit "H" is a true and accurate copy of Plaintiff's counsel's email to counsel for the CFI Defendants dated January 17, 2006. Among other reasons for Plaintiff's objection, Plaintiff reminded CFI Defendants that "[t]he documents requested are the GMPs that Mr. Reynolds and his company (the AAC Consulting Group) have used to assess a company's manufacturing procedures" and that "[t]he documents are in Mr. Reynolds' custody and control." (Exhibit H).

25. The CFI Defendants continue to insist that Plaintiff pay for their expert to produce a document he uses in the regular course of his business.

26. As detailed above, Plaintiff has conferred with counsel for the CFI Defendants in good faith in an effort to secure the production of the AAC document without court action.

27. In light of the above, the CFI Defendants should be compelled to produce such discovery at CFI Defendants own cost and expense.

**D. <u>Plaintiff's Instant Motion To Compel Should Be Heard With Plaintiff's Pending Motion To Compel</u>**

28. Given the above, Plaintiff's present motion to compel was timely filed, and Plaintiff again respectfully requests that Plaintiff's present motion to compel be heard with Plaintiff's initial motion to compel.

**<u>DECLARATION</u>**

I, Brian J. Molloy, declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Brian J. Molloy

Dated: February 1, 2006

**Molloy, Brian**

**From:** Molloy, Brian
**Sent:** Monday, November 21, 2005 4:28 PM
**To:** 'Nugent, Mark'
**Subject:** RE: cloud v. muscletech update

Mark,
thanks for the reply. What about Smith's dep-- you did not mention him in your reply.
IF Reynolds is available 12/8 or 12/9, then plan for it. Please note there is already a dep 12/9 of Preformance Nutrition so i assume you are planning to double track these deps. Let me know how you intend to proceed.
Also, I noticed Feinsods' dep for my office. He has agreed to be here since it is more convienent for him as well.

-----Original Message-----
From: Nugent, Mark [mailto:MNugent@morrisonmahoney.com]
Sent: Monday, November 21, 2005 4:12 PM
To: Molloy, Brian
Cc: Sullivan, Paul
Subject: RE: cloud v. muscletech update

Brian,
We have provided the info from the Begley depo in a letter as requested.
We are also trying to change the time of the Performance depo to accommodate your travel plans.
We spoke with Mr. Reynolds about his availablitiy and he may be the NY area during the week of Dec 5-9th. He will get back to us if he is available for depo ( without having to go to Vegas). We have suggested Dec 8 or 9 --let us know if you have any conflicts. Otherwise, his personal schedule is very tight until after Christmas.
As for the depo of Mr. Feinsod, we may use our firm's NY office on State Street. Let us know if you have any objection. The depo of Mr. Tomer will be taken per your arrangements near his home in NJ. If the witness Thompson will return to RI during the holidays, please let us know.
Finally, we are still waiting for confirmation for the depo of Catlin at UCLA. We are considering Dec 16th based on my schedule. Thanks.
Mark

-----Original Message-----
From: Molloy, Brian [mailto:bmolloy@wilentz.com]
Sent: Wednesday, November 16, 2005 3:36 PM
To: Nugent, Mark
Subject: cloud v. muscletech

Mark,
When do you think i will have dep. dares for Smith and Reynolds? I realize Reynolds is likely to be scheduled around Caitlin, but my dep is not dependent on Caitlin's availablity.
Also, i sent you a fax earlier today about the timing of the Performance Nutrition dep. on 12/9. When you have a chance, let me know if you can accomodate my request.
Lastly, i have sent a few letters about info promised at the Begley dep, but not produced to date. When can i expect that info?
thanks

Brian J. Molloy, Esq.
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive
Suite 900
PO Box 10
Woodbridge, NJ 07095-0958

WILENTZ
GOLDMAN
&SPITZER P.A.
ATTORNEYS AT LAW

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
(732) 636-8000
Fax (732) 855-6117

Meridian Center I
Two Industrial Way West
Eatontown, NJ 07724-2265
(732) 542-4500
Fax (732) 493-8387

Wall Street Plaza
88 Pine Street
New York, NY 10005-1801
(212) 267-3091
Fax (212) 267-3828

http://www.wilentz.com

Please reply to:
Woodbridge
**Direct Dial: (732) 855-6083**
**Direct Fax: (732) 726-6699**

DAVID T. WILENTZ (1919-1988)
G. GEORGE GOLDMAN (1922-1959)
HENRY M. SPITZER (1928-1988)

WARREN W. WILENTZ
MATTHIAS D. DILEO
MORRIS BROWN
FREDERIC K. BECKER[2]
NICHOLAS L. SANTOWASSO
RICHARD F. LERT[2]
JOHN A. HOFFMAN
STEPHEN E. BARCAN
FRANCIS V. BONELLO
VINCENT P. MALTESE
DAVID M. WILDSTEIN
GORDON J. GOLUM
MARVIN J. BRAUTH[2]
STUART A. HOBERMAN[2,3]
STEPHEN A. SPITZER
RICHARD R. BONAMO[2]
ANNE S. BABINEAU[2]
CHRISTINE D. PETRUZZELL
BRIAN J. MOLLOY
RANDALL J. RICHARDS
SHELDON E. JAFFE[3]
JOSEPH J. JANKOWSKI
DAVID S. GORDON
FREDERICK J. DENNEHY
ROY H. TANZMAN[2]
STEVEN J. TRIPP
JAY J. ZIZNEWSKI
ALAN WASSERMAN◁*
JAMES E. TRABILSY
MAUREEN S. BINETTI◁
ANTHONY J. PANNELLA, JR.
MICHAEL J. BARRETT◁
MICHAEL F. SCHAFF[2,7]
ANGELO JOHN CIFALDI
FRANCIS X. JOURNICK, JR.
KEVIN M. BERRY[2]
NOEL S. TONNEMAN[2]
JOHN T. KELLY[2]
C. KENNETH SHANK[2]
BARRY A. COOKE[3]
JON G. KUPILIK
PETER R. HERMAN[2]
EDWARD T. KOLE
HESSER G. McBRIDE, JR.
ERIC JOHN MARCY
ROBERT C. KAUTZ[2,8]
VIOLA S. LORDI[2]
LYNNE M. KIZIS
KEVIN P. RODDY[1,2,8,9]
STEVEN P. MARSHALL
DOUGLAS WATSON LUBIC[2]
CHERYL J. OBERDORF
LISA A. GORAB[2]
RUSSELL J. FISHKIND[2]
FRED HOPKE†
CHARLES F. VUOTTO, JR.‡
DONALD E. TAYLOR[3]
BARRY R. SUGARMAN[2]
BRETT R. HARRIS[2,5]
ALFRED M. ANTHONY[2]
ERIC W. SLEEPER[2]
DARREN M. GELBER[2]
MATTHEW M. WEISSMAN[2]
WILLIAM J. LINTON
DONNA M. JENNINGS
GIOVANNI ANZALONE
PETER A. GREENBAUM[2]
WILLARD C. SHIH[2]

OF COUNSEL
ROBERT A. PETITO
HAROLD G. SMITH
ALFRED J. HILL (1962-2002)
ROBERT J. CIRAFESI (1970-2004)
ALAN B. HANDLER[5]
DOUGLAS T. HAGUE
MYRON ROSNER[2]

COUNSEL
DAVID P. PEPE
SUSANNE S. O'DONOHUE[4]
RISA A. KLEINER[2,3]
RUTH D. MARCUS[1]
RICHARD J. BYRNES

CHRISTOPHER P. LENZO[2]
BLAIR R. ZWILLMAN[2,□]
JAY V. SURGENT
LEE ANN McCABE‡
LAURIE E. MEYERS[2,4]
JAMES P. LUNDY[2,3]
ELIZABETH FARLEY MURPHY
JAMES E. TONREY, JR.[2]

ASSOCIATES
LINDA LASHBROOK
YVONNE MARCUSE
ELIZABETH C. DELL[2]
ABBY RESNICK-PARIGIAN[2,3]
DEIRDRE WOULFE PACHECO[2]
BRIAN KALVER[2]
ELLEN TORREGROSSA-O'CONNOR
ROBERTO BENITES
NANCY A. SLOWE[3]
KELLY A. ERHARDT-WOJIE[3]
JEFFREY J. BROOKNER
ANDREA WHITE O'BRIEN[2,4]
FRANCINE E. TAJFEL[2]
KIRSTEN SCHEURER BRANIGAN
ELIZABETH SISO BAIR
RONALD P. COLICCHIO[2,10]
STEVEN R. ENIS[2]
M. MATTHEW MANNION[7]
DANIEL M. SERVISS
LAWRENCE C. WEINER[2]
COURTENAY C. HANSEN[2]
TODD E. LEHDER[6,7]
JOHN M. CANTALUPO[2]
JOHN E. HOGAN[2]
GREGORY B. NOBLE
DONNA A. McBARRON
DANIEL R. WASP[2]
JOSEPH R. ZAPATA, JR.
ANNE RAULERSON[2]
JOHN P. MURDOCH II
ANNA MARIA TEJADA[2]
ANDREW D. ULLRICH
MARY H. SMITH
EDWARD J. ALBOWICZ[2]
DENNIS A. SCARDILLI[3]
THOMAS P. KELLY[2,5]
ANNA I. MONFORTH
JENNIFER D. SOYKA[2]
KEVIN D. JARVIS[2]
EVERETT M. JOHNSON[2]
ALEX LYUBARSKY[2]
GERASIMOS M. KITSOPOULOS[2]
KEVEN H. FRIEDMAN[2]
GREGORY D. SHAFFER[2]
JESSICA S. PYATT
LILLIAN A. PLATA
LISA B. STEIRMAN
WILLIAM VOTTA
ROBERT L. SELVERS[2]
JENNIFER SARNELLI[2,8]
KRISTIN M. CAPALBO
PAMELA R. GOLD-ZAFRA[2]
JASON H. KISLIN
ALYSON M. LEONE[2]
LAUREN BOTTE McMURRY[2]
APRIL C. SHEARIN
GEMMA L. ABERNOVICH[2]
KRISTEN M. BENEDETTO
KARL AUGUST DORWART

◁ Certified Civil Trial Attorney
□ Certified Criminal Trial Attorney
‡ Certified Matrimonial Attorney
† Certified Workers Compensation Attorney
* National Certified Civil Trial Specialist Approved by the ABA
1 Not admitted NJ
2 Admitted NY
3 Admitted PA
4 Admitted CT
5 Admitted DC
6 Admitted MA
7 Admitted MD
8 Admitted VA
9 Admitted CA
10 Admitted FL

November 21, 2005

**VIA FACSIMILE (401-351-4420) and REGULAR MAIL**

Mark T. Nugent, Esq.
Morrison Mahoney, LLP
121 South Main Street
Suite 600
Providence, RI 02903

Re: **Michael Cloud v. MuscleTech Research & Development, Inc., et al.**
**Case No. 03-039T**

Dear Mark:

As you know, I have requested on several occasions the dates for depositions of your experts Smith and Reynolds. To date, although you have provided me with dates for depositions of other experts, you have not provided me with these deposition dates.

Please provide me with available dates for Dr. Smith as soon as possible. This deposition has to be concluded sufficiently in advance of the December 14th deadline for submission of dispositive motions.

#2683409 (136009.002)

WILENTZ
GOLDMAN
&SPITZER P.A.
ATTORNEYS AT LAW



Thank you for your cooperation.

Very truly yours,

BRIAN J. MOLLOY

BJM:ch

# WILENTZ GOLDMAN &SPITZER P.A.

ATTORNEYS AT LAW

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
(732) 636-8000
Fax (732) 855-6117

Meridian Center I
Two Industrial Way West
Eatontown, NJ 07724-2265
(732) 542-4500
Fax (732) 493-8387

Wall Street Plaza
88 Pine Street
New York, NY 10005-1801
(212) 267-3091
Fax (212) 267-3828

http://www.wilentz.com

Please reply to:
Woodbridge
**Direct Dial: (732) 855-6083**
**Direct Fax: (732) 726-6699**



DAVID T. WILENTZ (1919-1988)
G. GEORGE GOLDMAN (1922-1959)
HENRY M. SPITZER (1928-1988)

WARREN W. WILENTZ
MATTHIAS D. DILEO
MORRIS BROWN
FREDERIC K. BECKER[2]
NICHOLAS L. SANTOWASSO
RICHARD F. LERT[4]
JOHN A. HOFFMAN
STEPHEN E. BARCAN
FRANCIS V. BONELLO
VINCENT P. MALTESE
DAVID M. WILDSTEIN
GORDON J. GOLUM
MARVIN J. BRAUTH[2]
STUART A. HOBERMAN[2,3]
STEPHEN A. SPITZER
RICHARD R. BONAMO[2]
ANNE S. BABINEAU[2]
CHRISTINE D. PETRUZZELL
BRIAN J. MOLLOY
RANDALL J. RICHARDS
SHELDON E. JAFFE[3]
JOSEPH J. JANKOWSKI
DAVID S. GORDON
FREDERICK J. DENNEHY
ROY H. TANZMAN[2]
STEVEN J. TRIPP
JAY J. ZIZNEWSKI
ALAN WASSERMAN◃*
JAMES E. TRABILSY
MAUREEN S. BINETTI◃
ANTHONY J. PANNELLA, JR.
MICHAEL J. BARRETT◃
MICHAEL F. SCHAFF[2,7]
ANGELO JOHN CIFALDI
FRANCIS X. JOURNICK, JR.
KEVIN M. BERRY[4]
NOEL S. TONNEMAN‡
JOHN T. KELLY[2]
C. KENNETH SHANK[2]
BARRY A. COOKE[3]

JON G. KUPILIK
PETER R. HERMAN
EDWARD T. KOLE
HESSER G. McBRIDE, JR.
ERIC JOHN MARCY
ROBERT C. KAUTZ[2,6]
VIOLA S. LORDI[2]
LYNNE M. KIZIS
KEVIN P. RODDY[1,2,8,9]
STEVEN P. MARSHALL
DOUGLAS WATSON LUBIC[2]
CHERYL J. OBERDORF
LISA A. GORAB[2]
RUSSELL J. FISHKIND[2]
FRED HOPKE†
CHARLES F. VUOTTO, JR.‡
DONALD E. TAYLOR[3]
BARRY R. SUGARMAN[2]
BRETT R. HARRIS[2,6]
ALFRED M. ANTHONY[2]
ERIC W. SLEEPER[2]
DARREN M. GELBER[2]
MATTHEW M. WEISSMAN[2]
WILLIAM J. LINTON
DONNA M. JENNINGS
GIOVANNI ANZALONE
PETER A. GREENBAUM[2]
WILLARD C. SHIH[2]

OF COUNSEL
ROBERT A. PETITO
HAROLD G. SMITH
ALFRED J. HILL (1962-2002)
ROBERT J. CIRAFESI (1970-2004)
ALAN B. HANDLER[5]
DOUGLAS T. HAGUE
MYRON ROSNER[2]

COUNSEL
DAVID P. PEPE
SUSANNE S. O'DONOHUE[4]
RISA A. KLEINER[2,3]
RUTH D. MARCUS[1]
RICHARD J. BYRNES

CHRISTOPHER P. LENZO[2]
BLAIR R. ZWILLMAN[2,5]
JAY V. SURGENT
LEE ANN McCABE†
LAURIE E. MEYERS[2,4]
JAMES P. LUNDY[2,3]
ELIZABETH FARLEY MURPHY
JAMES E. TONREY, JR.[2]

ASSOCIATES
LINDA LASHBROOK
YVONNE MARCUSE
ELIZABETH C. DELL[2]
ABBY RESNICK-PARIGIAN[2,3]
DEIRDRE WOULFE PACHECO[2]
BRIAN KALVER[2]
ELLEN TORREGROSSA-O'CONNOR
ROBERTO BENITES
NANCY A. SLOWE[2]
KELLY A. ERHARDT-WOJIE[3]
JEFFREY J. BROOKNER
ANDREA WHITE O'BRIEN[2,3]
FRANCINE E. TAJFEL[2]
KIRSTEN SCHEURER BRANIGAN
ELIZABETH SISO BAIR
RONALD P. COLICCHIO[2,10]
STEVEN R. ENIS[2]
M. MATTHEW MANNION[7]
DANIEL M. SERVISS
LAWRENCE C. WEINER[2]
COURTENAY C. HANSEN[2]
TODD E. LEHDER[4,7]
JOHN M. CANTALUPO[2]
JOHN E. HOGAN[2]
GREGORY B. NOBLE
DONNA A. McBARRON
DANIEL R. WASP[2]
JOSEPH R. ZAPATA, JR.
ANNE RAULERSON[2]
JOHN P. MURDOCH II
ANNA MARIA TEJADA[2]
ANDREW D. ULLRICH
MARY H. SMITH
EDWARD J. ALBOWICZ[2]

DENNIS A. SCARDILLI[3]
THOMAS P. KELLY[2,5]
ANNA I. MONFORTH
JENNIFER D. SOYKA[2]
KEVIN D. JARVIS[2]
EVERETT M. JOHNSON[2]
ALEX LYUBARSKY[2]
GERASIMOS M. KITSOPOULOS[2]
KEVEN H. FRIEDMAN[2]
GREGORY D. SHAFFER[2]
JESSICA S. PYATT
LILLIAN A. PLATA
LISA B. STEIRMAN
WILLIAM VOTTA
ROBERT L. SELVERS[2]
JENNIFER SARNELLI[2,5]
KRISTIN M. CAPALBO
PAMELA R. GOLD-ZAFRA[2]
JASON H. KISLIN
ALYSON M. LEONE[2]
LAUREN BOTTE McMURRY[2]
APRIL C. SHEARIN
GEMMA L. ABERNOVICH[2]
KRISTEN M. BENEDETTO
KARL AUGUST DORWART

◃ Certified Civil Trial Attorney
☐ Certified Criminal Trial Attorney
‡ Certified Matrimonial Attorney
† Certified Workers Compensation Attorney
* National Certified Civil Trial Specialist Approved by the ABA
1 Not admitted NJ
2 Admitted NY
3 Admitted PA
4 Admitted CT
5 Admitted DC
6 Admitted MA
7 Admitted MD
8 Admitted VA
9 Admitted CA
10 Admitted FL


November 23, 2005

**VIA e-MAIL and FACSIMILE**

Mark T. Nugent, Esq.
Morrison Mahoney, LLP
121 South Main Street
Suite 600
Providence, RI 02903

Re: **Michael Cloud v. MuscleTech Research & Development, Inc, et al.**
**Case No. 03-039T**

Dear Mark:

I would appreciate if you would call me today to schedule a date for Dr. Smith's deposition. Although we have been able to discuss and agree upon all depositions in this case, for some reason I have not even received a date for this deposition.

I have to take the deposition sufficiently in advance of the cutoff for dispositive motions which is December 14th.

Because of other scheduling commitments, primarily related to this case, the best date for the deposition, and maybe the only date, is December 7th in the morning. I assume the deposition will be in Philadelphia. I would appreciate your calling me to discuss his availability for the deposition.

WILENTZ
GOLDMAN
&SPITZER P.A.
ATTORNEYS AT LAW



Also, at the deposition please have Dr. Smith produce the e-mail communication of August 17, 2005 identified on page 6 of his report.

Thank you for your cooperation.

Very truly yours,

BRIAN J. MOLLOY

BJM:ch

## Molloy, Brian

**From:** Molloy, Brian
**Sent:** Tuesday, November 29, 2005 5:17 PM
**To:** 'mnugent@morrisonmahoney.com'
**Subject:** cloud v. muscletech

Mark,
Have you had a chance to confirm the dep of Smith for 12/12? Where will it be held?

Brian J. Molloy, Esq.
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive
Suite 900
PO Box 10
Woodbridge, NJ 07095-0958
Tel: 732-855-6083
Direct Fax: 732-726-6699
Fax: 732-855-6117
e-mail: bmolloy@wilentz.com

**Molloy, Brian**

**From:** Molloy, Brian
**Sent:** Thursday, December 08, 2005 1:06 PM
**To:** 'mnugent@morrisonmahoney.com'; 'psullivan@morrisonmahoney.com'
**Subject:** cloud

Mark,
What is the status of Dr. Smith's dep.? The sudden attempt to adjourn it yesterday caught me by surprise, especially since the proposed new date is unrealistic in view of the deadline for filing dispositive motions by the end of this month.For the reasons I explained to you yesterday, I cannot agree to your attempt to adj. the dep scheduled for monday, 12/12/05 in Philadelphia. You asked me to get an office for the dep[ I did], give you info about nearby hotels[ I did], and arrange for the court reporter[I did]. Then you tell me late yesterday that Smith may no lomger be available for the dep on the date you gave me.
Also, i set forth in my letter of nov.21st the overdue discovery from Muscletech regarding the 2002 First Quarter Independent Product Testing Report, and related documents. So far, no response from you
And, you still owe the info on advertising and clinical trial costs for the years 2000 to the present for the Nitro-Tech product specifically, and for all Muscletech products.
You also owe me the name of BOTH attorneys now representing Lowther and Ballantyne.
All of this has been requested and promised on multiple dates, but nothing has been produced.
If there is no response to this email, i will have no choice but to file a motion.
thanks for your cooperation

Brian J. Molloy, Esq.
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive
Suite 900
PO Box 10
Woodbridge, NJ 07095-0958
Tel: 732-855-6083
Direct Fax: 732-726-6699
Fax: 732-855-6117
e-mail: bmolloy@wilentz.com

**Selvers, Robert L.**

**From:** Shih, Willard
**Sent:** Wednesday, February 01, 2006 9:15 AM
**To:** Selvers, Robert L.
**Subject:** FW: Documents requested at the Deposition of Carl Reynolds

-----Original Message-----
From: Shih, Willard
Sent: Wednesday, December 28, 2005 2:22 PM
To: 'Nugent, Mark'; Sullivan, Paul
Cc: Molloy, Brian
Subject: Documents requested at the Deposition of Carl Reynolds

Mark and Paul:

During the deposition of Carl Reynolds, I had requested that certain documents be produced. Those documents include the standards of NNFA's GMP Certification Program for Dietary Supplements, the USP certification program for nutritional supplements, and AAC Consulting Group's GMPs for manufacturers of dietary supplements. Thank you for your attention to this matter.

Will S.

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141
401-331-4660
FACSIMILE: 401-351-4420

MASSACHUSETTS
BOSTON
FALL RIVER
SPRINGFIELD
WORCESTER
CONNECTICUT
HARTFORD
ENGLAND
LONDON
NEW HAMPSHIRE
MANCHESTER
NEW JERSEY
PARSIPPANY
NEW YORK
NEW YORK
RHODE ISLAND
PROVIDENCE

Paul V. Sullivan
pvsullivan@morrisonmahoney.com
Direct: 401-621-4652


January 13, 2006

Willard H. Shih, Esquire
Wilentz Goldman & Spitzer PA
90 Woodbridge Center Drive
Woodbridge, NJ 07095

| | | |
|---|---|---|
| Re: | Case Name: | Cloud v. Muscle Tech et al. |
| | C.A. No.: | 03-039/ET |
| | Our File No.: | 10020152 |

Dear Mr. Shih:

This letter shall serve to respond to your e-mail request for certain documents that was made following the deposition of defense expert witness Carl Reynolds. In that e-mail you requested the following documents: (1) NNFA's GMP Certification for Dietary Supplements; (2) USP Certification program for nutritional supplements; and (3) AAC Consulting Group's GMPs for manufacturers of dietary supplements.

Item #1: NNFA GMP Certification document: As Mr. Reynolds indicated at his deposition, this is a NNFA copyrighted document. We have enclosed a copy of this document, titled NNFA Good Manufacturing Practice in Manufacturing, Packing or Holding Dietary Supplements.

Item #2: USP Certification program: This is a U.S. Pharmocopia document that is available directly from that organization. Mr. Reynolds does not have this item.

Item #3: AAC Consulting Group's GMPs: This is a document that is published for training programs, and has two versions: (1) Introductory Dietary Supplement Good Manufacturing Practices, dated June 2000, based on the February 6, 1997 ANPR; and, (2) Dietary Supplement Good Manufacturing Practices Seminar, dated October 2004, based on the March 13, 2003, proposed regulations. The estimated cost for these two documents is $150. Please let us know if you would still like these two documents, and if so, we will provide you with copies of the same. We do not yet have these in our possession, but anticipate receiving them sometime next week.

If you have any questions regarding these items, please do not hesitate to call us. Thank you.

Very truly yours,

Paul V. Sullivan

Enclosure

**Selvers, Robert L.**

**From:** Shih, Willard
**Sent:** Wednesday, February 01, 2006 9:16 AM
**To:** Selvers, Robert L.
**Subject:** FW: Reynolds' Documents

-----Original Message-----
**From:** Shih, Willard
**Sent:** Tuesday, January 17, 2006 10:12 AM
**To:** 'Sullivan, Paul'
**Cc:** 'Nugent, Mark'; Molloy, Brian
**Subject:** Reynolds' Documents

Paul:

I am in receipt of your letter dated January 13, 2006 enclosing some of the documents requested at Mr. Reynolds' deposition. Item #3 is AAC Consulting Group's GMPs. These documents were not provided, as you are apparently requesting that Mr. Cloud pay $150 to obtain copies of them. Such a request is unfounded for the reasons set forth in the following paragraph, and I request that the documents be immediately produced.

Mr. Reynolds offered an opinion on GMPs, and CFI's adherence to GMPs. The documents requested are the GMPs that Mr. Reynolds and his company (the AAC Consulting Group) have used to assess a company's manufacturing procedures. The documents are in Mr. Reynolds' custody and control. The request for additional compensation is thus unwarranted, as Mr. Reynolds does not need to purchase the documents to produce them. If you will not reconsider, please advise us immediately so that we can raise the issue during the next conference with the Court.

Will S.