MOTLEY RICE LLC
Robert J. McConnell, Esq. (#3888)
321 South Main Street
Providence, Rhode Island 02903
(401) 457-7700

WILENTZ, GOLDMAN & SPITZER,
A Professional Corporation
Brian J. Molloy, Esq., *Pro Hac Vice*, (BJM 7630)
90 Woodbridge Center Drive
PO Box 10
Woodbridge, NJ 07095
(732) 636-8000

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL CLOUD,<br><br>Plaintiff,<br><br>v.<br><br>MUSCLETECH RESEARCH AND DEVELOPMENT, INC., CFI WISCONSIN I, LLC, and CFI of Wisconsin, Inc. d/b/a CENTURY FOODS INTERNATIONAL,<br><br>Defendants. | Civil Action No. 03-392T |

**DECLARATION OF BRIAN J. MOLLOY IN SUPPORT OF**
**<u>MOTION TO COMPEL</u>**

Brian J. Molloy, Esq., being of full age, under penalty of perjury, declare as follows:

1. I am a shareholder with the law firm of Wilentz, Goldman & Spitzer and submit this declaration in support of

plaintiff Michael Cloud's ("Plaintiff") motion to compel defendants CFI Wisconsin, I, LLC, and CFI of Wisconsin, Inc. d/b/a/ Century Foods International (collectively "CFI Defendants") to produce discovery, pursuant to Federal Rule of Civil Procedure 37(a).

2. On or about December 23, 2005, Plaintiff filed a motion to compel discovery from both defendant MuscleTech Research and Development, Inc. ("MuscleTech") and CFI Defendants. On or about January 6, 2006, MuscleTech and CFI Defendant filed its objections to Plaintiff's motion to compel.[1] A hearing on Plaintiff's motion was scheduled for January 24, 2006 before the Honorable Lincoln D. Almond, U.S.M.J.

3. Prior to the hearing, the Bankruptcy Court of the Southern District of New York issued a stay regarding litigation against MuscleTech. In spite of the stay, a consent Order was entered by the Honorable Jed S. Rakoff, U.S.D.J. on January 30, 2006 permitting Plaintiff to proceed with his claims against the CFI Defendants.

4. As such, Plaintiff's present motion to compel shall focus solely on those disputes remaining against the CFI Defendants.

---

[1] On or about February 3, 2006, Plaintiff filed his Reply Memorandum in response to MuscleTech's and CFI Defendants' Objections.

**A. <u>CFI Defendants' December 13, 2005 Document Production</u>**

5. By letter dated December 13, 2005, CFI Defendants forwarded additional documents to Plaintiff. Given the current discovery Order, this production occurred outside the deadline to produce discovery.

6. In spite of the production, several critical pieces of information were omitted. For instance, in regards to Document 12/13/05 Sup. CFI-0014, an e-mail between Defendants, dated February 25, 2002, on the lower half of the e-mail are handwritten notations, including an "asterisk" next to 4 androstenediol, 5 androstenediol, and 19 androstenediol with the indication "* found in supplement."[2] Neither the individual whose handwriting was contained on the document nor the actual source of the information were disclosed, however.

7. Similarly, document 12/13/05 Sup. CFI-0022 is a series of handwritten notes on paper with the heading "PerkinElmer Analytical Instruments." Contained within these notes is the comment "not in large enough quantity to help an athlete," and "need to [✓] supply chain of raws."[3] Again, neither the individual whose handwriting was contained on the

---

[2] Presumably, CFI produced this email pursuant to CFI's Answer to Plaintiff's Interrogatory 20.

[3] It appears that CFI produced this information pursuant to CFI's Answers to Plaintiff's Interrogatories 16 and 17.

document nor the actual source of the information were disclosed.

8. This information was sent to Plaintiff literally at the end of discovery, despite the fact that CFI Defendants apparently were in possession of this information long ago.

9. Given these deficiencies, by letter dated December 19, 2005, Plaintiff requested that CFI Defendants produce more specific information in regards to its untimely production. Due to the late timing of the production, and the fact that motions were to be filed no later than December 30, 2005, by Plaintiff's withdrawn motion to compel filed on or about December 23, 2005, Plaintiff sought the Court's intervention on this matter prior to a determination that Plaintiff's good faith efforts to resolve this issue with counsel were fruitless.

10. In response to Plaintiff's motion to compel, on or about January 6, 2006, CFI Defendants informed the Court that "[CFI Defendants have] made inquiries as to whose handwriting appears on these documents, and will provide the plaintiff with the identity of that person." As of February 6, 2006, despite CFI Defendants' assurances that they would produce the requested information, CFI Defendants have not yet done so.

**B. PLAINTIFF'S MOTION TO COMPEL SHOULD BE GRANTED**

11. In light of the foregoing, Plaintiff respectfully submits that the CFI Defendants have failed and refused to

produce discovery in this matter, notwithstanding efforts by Plaintiff to obtain such discovery, and that CFI Defendants should be compelled to produce such discovery.

**DECLARATION**

I, Brian J. Molloy, declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Brian J. Molloy

Dated: February 6, 2006