UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL CLOUD,<br>*Plaintiff* | : | |
| vs. | : | C.A. No.: 03-0392T |
| MUSCLETECH RESEARCH AND DEVELOPMENT, INC., and CFI WISCONSIN I, LLC d/b/a CENTURY FOODS INTERNATIONAL,<br>*Defendants* | : | |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO COMPEL**
(re: James Smith, Ph.D, timekeeper information)

Now comes defendant CFI Wisconsin I, LLC d/b/a Century Foods International, and hereby objects to plaintiff's motion to compel. In support of this objection, the defendants rely upon the attached memorandum of law, and those arguments raised at the hearing of this motion.

CFI WISCONSIN I, LLC d/b/a
CENTURY FOODS INTERNATIONAL,
By their Attorneys,
MORRISON MAHONEY LLP

Mark T. Nugent, #2637
Paul V. Sullivan, #5712
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660
Fax: (401) 351-4420

607616v1

**CERTIFICATION**

I hereby certify that on this 17th day of February, 2006 a true copy of the foregoing was mailed, postage pre-paid, to:

Counsel for Plaintiff
Robert J. McConnell, Esquire
Motley Rice LLC
321 South Main Street
Providence, RI 02903

Counsel for Plaintiff *Pro Hac Vice*
Brian J. Molloy, Esquire
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
PO Box 10
Woodbridge, NJ 07095

[signature]



607616v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL CLOUD,<br>*Plaintiff* | : | |
| vs. | : | C.A. No.: 03-0392T |
| MUSCLETECH RESEARCH AND DEVELOPMENT, INC., and CFI WISCONSIN I, LLC d/b/a CENTURY FOODS INTERNATIONAL,<br>*Defendants* | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S MOTION TO COMPEL**
(re: James Smith, Ph.D, timekeeper information)

Now comes defendant CFI Wisconsin I, LLC d/b/a Century Foods International ("CFI"), and hereby object to the plaintiff's motion to compel discovery responses.[1]

## I. Background.

Plaintiff Michael Cloud's attorney deposed defense expert James Smith, Ph.D, on December 12, 2005. Trillium, Inc., is Dr. Smith's employer, and one of the persons that Dr. Smith works with is Carol Erikson. The plaintiff did not issue any deposition notice for Dr. Smith's deposition. Instead, the parties agreed that Dr. Smith's deposition would occur on December 12, 2005, in Philadelphia. The defendant did not agree to produce any documents prior to that deposition, nor was Dr. Smith requested to bring any documents to that deposition. At Dr. Smith's deposition, plaintiff's attorney requested three items: (1) Carol Erikson's CV; (2) Dr. Smith's expert report/affidavit from a prior case; and (3) billing timesheets/invoices. By agreement, the defendant has produced to the plaintiff Carol Erikson's CV and Dr. Smith's

[1] Plaintiff's motion to compel also sought documents from defense expert Carl Reynolds (Plaintiff's declaration, section C). The defendant requested that the plaintiffs share in the cost of obtaining those documents, and pay $84.00 for a copy of the same. The plaintiff refused that request, and filed their motion to compel. The plaintiff has now agreed to pay that $84.00, and so the Mr. Reynolds issue has been resolved.

expert report/affidavit. The defendants, however, do not agree to produce any timesheets/invoices.

**A. There is no basis for plaintiff's motion to compel, and as such it should be denied.**

In their motion to compel, Plaintiff Michael Cloud seeks to compel defendant CFI "to produce discovery, pursuant to Federal Rule of Civil Procedure 37(a)." Exhibit 1 (Plaintiff's motion to compel). In the Declaration that was filed in support of plaintiff's motion to compel, the plaintiff again states that they are seeking to compel CFI "to produce discovery, pursuant to Federal Rule of Civil Procedure 37(a)." (See Plaintiff's declaration, para. 1.) In the plaintiff's twenty-eight paragraph Declaration in support of their motion to compel, nowhere does it reference any deposition notice schedule, interrogatory, or document request that the plaintiff is seeking to compel compliance with. Instead, the first request for this information was made at Dr. Smith's deposition on December 12, 2005, and then in further correspondence on this issue.

Federal Rule of Civil Procedure 37(a)(2)(B) provides, in pertinent part:

> If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, . . . or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

As there were no interrogatory or document production requests seeking these items, the motion to compel cannot be sustained as pursuing item sought under Rule 33 (interrogatories) or Rule 34 (document request). Further, Dr. Smith did not fail to answer a question "propounded under Rules 30 or 31", and there is no allegation of the same in plaintiff's Declaration. (See plaintiff's Declaration, paras. 2 – 19). Dr. Smith answered all questions on this issue, and now the plaintiff seeks these further documents to "detail the nature and extent of work actually performed by Dr. Smith in preparing his report" and to establish "Dr. Smith's bias in regards to

the preparation of his report." (Plaintiff's Declaration, para. 3). The plaintiff already can pursue these issues at trial, and we expect will cross-examine Dr. Smith on these exact issues. If the plaintiff deemed these further documents necessary in the development of his case, he should have issued a deposition notice and sought these items through the available means of discovery. There is no discovery request to compel compliance with under Rule 37, and therefore the plaintiff's motion to compel should be denied.

**B. The Plaintiff's request is untimely as it beyond the discovery closure date.**

If the plaintiff wanted the timesheets and invoices of Dr. Smith, the same should have been requested in a properly issued deposition notice. The defendants then would have had time to respond to the same, file objections, or if necessary, seek a protective order. Here, the plaintiff did not even issue a deposition notice to defense expert Dr. Smith. The plaintiff cannot now seek to compel the defendant to produce documents when there was not even any such document issued.

The plaintiff maintains that his request for these items is timely as somehow the defendant allegedly delayed in the scheduling of Dr. Smith's deposition. This is inaccurate. The plaintiff's Declaration refers to a November 16th e-mail seeking a date for Dr. Smith's deposition. The defendants then made Dr. Smith available for his deposition less than one month later, with the Thanksgiving holiday intervening. Additionally, defense expert Benjamin Leder, MD's deposition was conducted on December 1st in Boston; plaintiff's expert Jonathan Feinsod was deposed December 5th in New Jersey; and defense witness Onkar Tomer, Ph.D., was deposed December 6th in New Jersey. Dr. Smith's deposition then occurred the next week. The defendant was in no way delaying this matter.[2]

[2] As for plaintiff's concerns that they had to go to Philadelphia for Dr. Smith's deposition, as well as provide the stenographer for that deposition, that is the normal procedure. Dr. Smith lives near Philadelphia, so that is where the

Factual discovery in this case closed on November 14, 2005. The court denied a motion seeking to extend the discovery deadline, but allowed the parties to continue discovery by mutual agreement. Exhibit 2. There is no mutual agreement that the defendant will produce Dr. Smith's timesheets and invoices. As such, the plaintiff's request for these items is improper, and not the suitable subject of a motion to compel.

**C. The Plaintiff's motion to compel should be denied because it does not comply with this Court's Pretrial Order.**

This matter was initially assigned to Judge Lisi, and then re-assigned to Judge Torres on April 18, 2005. Judge Lisi entered a pre-trial order on June 22, 2004. Judge Lisi's standard Pretrial Order states that after ten days from the close of discovery, no motions shall be filed "except by leave of [Judge Lisi]." Judge Torres's standard Pretrial Order states that "No motion, other than a motion . . . to compel compliance with a discovery request made prior to the Closure Date, may be filed after the Closure Date." Here, the plaintiff has not complied with either Pretrial Order, and as such this motion to compel should be denied.

**D. The Plaintiff's motion to compel should be denied as it is overly broad, seeks materials beyond the scope of expert discovery, seeks information that could lead to the disclosure of attorney work-product, and if allowed, would hinder defendant CFI's ability to prepare its defense with its own expert witness.**

In this motion to compel, plaintiff Cloud is seeking to have the court enter an order requiring the defendant to produce (a) all invoices submitted by Dr. Smith and/or Trillium, Inc.; (b) all of Dr. Smith's timesheets on this matter; and (c) a breakdown of the individuals working with Dr. Smith, and the number of hours that those persons worked on this matter. This sought after order is overly broad, and beyond the scope of applicable expert discovery. Federal Rule of

---

deposition occurred. The plaintiff was the party taking the deposition, and as is always the case, they were the party responsible for obtaining the stenographer.

Civil Procedure 26(a)(2)(B) details the required expert witness disclosures, and states, in pertinent part:

> Except as otherwise stipulated or directed by the court, this [expert witness] disclosure shall . . . be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

The plaintiff has not taken issue with the defendant's expert disclosure. Instead, the plaintiff is now seeking these further invoices and timesheets in an attempt to use them at trial to cross-examine Dr. Smith as to the amount of time he spent on this matter and as to bias. (See Plaintiff's Declaration, para. 3). The defendant has complied with the expert witness disclosure requirements, and there is no basis for this request for timesheets and invoices.

In this motion to compel, plaintiff Cloud seeks not only invoices and timesheets as it pertains to the preparation of Dr. Smith's expert report, but instead all timesheets and invoices that Dr. Smith (and others at his company) have generated in this matter. This request is overly broad, and not relevant, as it seeks items and information on issues not related to the preparation of Dr. Smith's expert report.

Dr. Smith was retained by the defendants, consulted with, has prepared an expert report, disclosed that expert report, and been deposed. If this court were to require the defendant to disclose all Dr. Smith and his co-worker's invoices and timesheets, that would hinder the defense's ability to work with its own expert and prepare CFI's defense. The invoices and timesheets sought cover a broad period of time and contain itemized descriptions of work performed, with varying degrees of detail. As such, the materials sought gets into the realm of attorney work-product. The plaintiff should not be provided with the dates, descriptions and time

entries for conversations and/or meetings with defense counsel; dates, descriptions and time entries for matters pursued at the request of defense counsel; and, dates, descriptions and time entries for matters done in the development of the defense and the continued defense of this case. The disclosure of these types of items would disclose defense attorney opinions and strategies, as either directly reflected on the sought after materials, or in the actions that the defendant's expert then took in this case. The disclosure of these items would hamper defendant CFI's trial preparation with this expert witness and the defense of defendant CFI, as it would disclose prior, protected matters, and prevent defense counsel from continuing to work fully and confidently with its own expert witness.

Wherefore, the defendant requests that the court deny the plaintiff's motion to compel.

CFI WISCONSIN I, LLC d/b/a
CENTURY FOODS INTERNATIONAL,
By their Attorneys,
MORRISON MAHONEY LLP

Mark T. Nugent, #2637
Paul V. Sullivan, #5712
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660
Fax: (401) 351-4420

**CERTIFICATION**

I hereby certify that on this 17th day of February, 2006 a true copy of the foregoing was mailed, postage pre-paid, to:

Counsel for Plaintiff
Robert J. McConnell, Esquire
Motley Rice LLC
321 South Main Street
Providence, RI 02903

Counsel for Plaintiff *Pro Hac Vice*
Brian J. Molloy, Esquire
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
PO Box 10
Woodbridge, NJ 07095



607618v1

MOTLEY RICE LLC
Robert J. McConnell, Esq. (#3888)
321 South Main Street
Providence, Rhode Island 02903
(401) 457-7700

WILENTZ, GOLDMAN & SPITZER,
A Professional Corporation
Brian J. Molloy, Esq., *Pro Hac Vice*, (BJM 7630)
90 Woodbridge Center Drive
PO Box 10
Woodbridge, NJ 07095
(732) 636-8000

Attorneys for Plaintiff

FEB - 9 2006
By

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL CLOUD, Plaintiff, | Civil Action No. 03-392T |
| v. | |
| MUSCLETECH RESEARCH AND DEVELOPMENT, INC., CFI WISCONSIN I, LLC, and CFI of Wisconsin, Inc. d/b/a CENTURY FOODS INTERNATIONAL, Defendants. | |

**MOTION TO COMPEL**

To: Mark T. Nugent, Esq.
Morrison Mahoney, LLP
121 South Main Street
Suite 600
Providence, RI 02903
Attorneys for Defendants

Gene H. Hennig, Esq.
Rider Bennett
33 South Sixth Street
Suite 4900
Minneapolis, Minnesota 55402
Attorneys for Defendants

**PLEASE TAKE NOTICE** that the undersigned, counsel for plaintiff Michael Cloud will move before the United States District Court, District of Rhode Island, located at One Exchange Terrace, Federal Building & Courthouse, Providence, Rhode Island, to compel defendants CFI Wisconsin, I, LLC, and CFI of Wisconsin, Inc. d/b/a/ Century Foods International to produce discovery, pursuant to Federal Rule of Civil Procedure 37(a).

**PLEASE TAKE NOTICE** that the movant will rely upon the Declaration of Brian J. Molloy, dated February 1, 2006.

A proposed form of Order is annexed hereto.

MOTLEY RICE LLC
Attorneys for Plaintiff
Michael Cloud

BY: ______________________
Robert J. McConnell, Esq. (#3888)
321 South Main Street
Providence, Rhode Island 02903
(401) 457-7700

DATED: February 3, 2006

**CERTIFICATION OF FILING AND SERVICE**

I certify that the foregoing Notice of Motion, Declaration of Brian J. Molloy, dated February 1, 2006 and a proposed form of order were filed with the Clerk of the Court by hand delivery on February , 2006. A copy was served upon all counsel by overnight mail to the addresses shown at the head of this motion on the same date.

DATED: February 3, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED OCT 18 2005

MICHAEL CLOUD,
*Plaintiff*

vs. C.A. No.: 03-0392T

MUSCLETECH RESEARCH AND DEVELOPMENT, INC., and CFI WISCONSIN I, LLC d/b/a CENTURY FOODS INTERNATIONAL,
*Defendants*

**JOINT MOTION TO EXTEND TIME FOR FACT AND EXPERT DISCOVERY**

The parties jointly request this Honorable Court to extend by ninety days the pre-trial order in this matter. In support of their request, the parties state that further factual depositions still need to be conducted, as well as expert witness depositions. Further, new defense counsel entered its appearance for the defendants in September 2005, and this is a document intensive case, with the defendants having produced over 20,000 documents in discovery. The parties do not make this request lightly or with disregard for the Court's interest in timely resolution of this action.

WHEREFORE, the parties respectfully request that this Court amend the Pretrial Order as follows:

1. Factual Discovery. Will close **February 14, 2006**.

2. Expert Discovery Disclosure. Expert disclosures made. Plaintiff has indicated that they will be filing a rebuttal.

3. Dispositive Motions. Dispositive motions shall be filed by **March 14, 2006.** Prior to filing a motion for summary judgment counsel must request a conference with the Court. Counsel should note the requirements of Local Rule 12.1 with respect to motions for summary judgment.

4. Pretrial Memorandum. Pretrial memorandum due by **April 19, 2006.**

MICHAEL CLOUD,

By his Attorneys,

WILENTZ, GOLDMAN & SPITZER,

[signature]

Brian J. Molloy, Esq., *pro hace vice*
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
PO Box 10
Woodbridge, NJ 07095

Dated: 10/17/05

MUSCLETECH RESEARCH AND DEVELOPMENT, INC., and CFI WISCONSIN I, LLC d/b/a CENTURY FOODS INTERNATIONAL
By its Attorneys,

MORRISON MAHONEY LLP

[signature]

Mark T. Nugent, #2637
Paul V. Sullivan, #5712
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660
Fax: (401) 351-4420

Dated: 10/17/05

**CERTIFICATION**

I hereby certify that on this 17th day of October, 2005 a true copy of the foregoing was mailed, postage pre-paid, to:

Counsel for Plaintiff
Robert J. McConnell, Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02903

Counsel for Plaintiff *Pro Hac Vice*
Brian J. Molloy, Esq.
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
PO Box 10
Woodbridge, NJ 07095

**DENIED** Parties may continue discovery by mutual agreement.

[signature]

Ernest C. Torres
Chief, US District Judge
11/1/05

[signature]

589552v1

*** TOTAL PAGE.03 ***