UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL CLOUD, *Plaintiff* | : | |
| vs. | : | C.A. No.: 03-0392T |
| MUSCLETECH RESEARCH AND DEVELOPMENT, INC., and CFI WISCONSIN I, LLC d/b/a CENTURY FOODS INTERNATIONAL, *Defendants* | : | |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO COMPEL**
(re: CFI Documents)

Now comes defendant CFI Wisconsin I, LLC d/b/a Century Foods International, and hereby objects to plaintiff's motion to compel. In support of this objection, the defendants rely upon the attached memorandum of law, and those arguments raised at the hearing of this motion.

CFI WISCONSIN I, LLC d/b/a
CENTURY FOODS INTERNATIONAL,
By their Attorneys,
MORRISON MAHONEY LLP

Paul V. Sullivan

Mark T. Nugent, #2637
Paul V. Sullivan, #5712
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660
Fax: (401) 351-4420

**CERTIFICATION**

I hereby certify that on this 23rd day of February, 2006 a true copy of the foregoing was mailed, postage pre-paid, to:

Counsel for Plaintiff
Robert J. McConnell, Esquire
Motley Rice LLC
321 South Main Street
Providence, RI 02903

Counsel for Plaintiff *Pro Hac Vice*
Brian J. Molloy, Esquire
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
PO Box 10
Woodbridge, NJ 07095

Christine M. Mahoney



607833v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL CLOUD,<br>*Plaintiff* | : | |
| vs. | : | C.A. No.: 03-0392T |
| MUSCLETECH RESEARCH AND DEVELOPMENT, INC., and CFI WISCONSIN I, LLC d/b/a CENTURY FOODS INTERNATIONAL,<br>*Defendants* | : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S MOTION TO COMPEL**
(re: CFI Documents)

Now comes defendant CFI Wisconsin I, LLC d/b/a Century Foods International ("CFI"), and hereby objects to the plaintiff's motion to compel discovery responses.

**I. Background.**

Defendant CFI has answered interrogatories and produced over 7,000 documents in response to plaintiff's document production request. On or about December 7, 2005, we received a further set of documents pertaining to CFI to produce to the plaintiff. On December 13, 2005, the CFI documents were produced to the plaintiff. In a letter dated December 19, 2005, plaintiff's counsel raised certain issues regarding three pages[1] of those documents. Four days later, on December 23, 2005, the plaintiff filed a motion to compel seeking further information pertaining to those documents. After that motion was filed, but before the scheduled January 24th court hearing on that motion, the Bankruptcy Court issued a stay on litigation involving MuscleTech, which included this lawsuit. On January 30, 2006, a consent order was entered that

[1] This discovery dispute now concerns just two pages of CFI documents. In plaintiff's December 19th letter and first motion to compel pertaining to the CFI documents, the plaintiff raised issue with a Cologne, Germany, laboratory report included in the CFI documents. That Germany laboratory report is no longer a portion of plaintiff's motion to compel.

allowed this litigation to proceed as against CFI only. Three days later, on February 2, 2006, this court issued an Order on plaintiff's motion to compel the CFI documents, stating "Motion withdrawn. Plaintiff's counsel has indicated by letter dated 1/31/06 that he will be filing a revised motion." On or about February 3, 2006, Plaintiff's counsel filed a motion to compel on a separate issue (James Smith, Ph.D. timekeeper records and Carl Reynolds documents), but not on the CFI documents issue.

On February 7, 2006, defense counsel spoke with plaintiff's counsel, and informed plaintiff's counsel that the two pages of CFI documents at issue were authored by CFI's Jeffrey Kett. On February 8, 2006, plaintiff's local counsel in Rhode Island filed the subject motion to compel information pertaining to the two pages of CFI documents.

**A. CFI Documents**

1. Plaintiff's motion to compel should be denied, as the requested information has been provided to plaintiff's counsel.

On February 7, 2006, before the subject motion to compel was filed, defense counsel informed the plaintiff that the individual whose handwriting was on the two subject pages was that of CFI employee Jeffrey Kett. Plaintiff's motion to compel seeks that information, "as well as the actual source underlying that information." While the defendant objects as described below to providing that further "source" information, it has nonetheless been provided to plaintiff's counsel. In a February 21, 2006, letter to plaintiff's counsel, the source of the underlying information was disclosed to plaintiff's counsel. Exhibit A. Accordingly, the requested information has been supplied to plaintiff's counsel, and this motion to compel should be denied.

2. Plaintiff's motion to compel should be denied, as the requested "source" information is not the proper subject of a motion to compel.

As required by its ongoing duty to supplement discovery responses, CFI supplemented its document production on December 13, 2005. CFI, however, is not required either under plaintiff's discovery requests or its ongoing duty to supplement its discovery responses to describe what is on the two pages in dispute, or to describe the source of the information on those documents. Despite this continuing objection to providing any further information other than the documents themselves, defendant CFI, to resolve this dispute, has provided plaintiff's counsel with the requested information. See Exhibit B. The actual documents have been produced, and the requested further information is not the proper subject of a motion to compel.

Wherefore, the defendants request that the court deny the plaintiff's motion to compel the further information pertaining to the two pages of CFI documents.

CFI WISCONSIN I, LLC d/b/a
CENTURY FOODS INTERNATIONAL,
By their Attorneys,
MORRISON MAHONEY LLP

Paul V. Sullivan

Mark T. Nugent, #2637
Paul V. Sullivan, #5712
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660
Fax: (401) 351-4420

**CERTIFICATION**

I hereby certify that on this 23rd day of February, 2006 a true copy of the foregoing was mailed, postage pre-paid, to:

Counsel for Plaintiff
Robert J. McConnell, Esquire
Motley Rice LLC
321 South Main Street
Providence, RI 02903

Counsel for Plaintiff *Pro Hac Vice*
Brian J. Molloy, Esquire
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
PO Box 10
Woodbridge, NJ 07095

Christine M [signature]



607840v1

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

121 South Main Street, Suite 600
Providence, Rhode Island 02903-7141
401-331-4660
FACSIMILE: 401-351-4420

MASSACHUSETTS
BOSTON
FALL RIVER
SPRINGFIELD
WORCESTER

CONNECTICUT
HARTFORD

ENGLAND
LONDON

NEW HAMPSHIRE
MANCHESTER

NEW JERSEY
PARSIPPANY

NEW YORK
NEW YORK

RHODE ISLAND
PROVIDENCE

Paul V. Sullivan
pvsullivan@morrisonmahoney.com
Direct: 401-621-4652

February 21, 2006

Brian Molloy, Esquire
Wilentz Goldman & Spitzer PA
Suite 900, Box 10
90 Woodbridge Center Drive
Woodbridge, NJ 07095

| | | |
|---|---|---|
| Re: Case Name: | Cloud v. Muscle Tech et al. | |
| C.A. No.: | 03-039/ET | |
| Our File No.: | 10020152 | |

Dear Mr. Molloy:

We write in a good faith attempt to resolve the discovery issue raised in your motion to compel regarding the CFI documents, which your local counsel hand-delivered to the court on February 8th.

As you may recall, in a telephone conversation on February 7, 2006, we informed you that the handwritten annotations on the CFI documents at issue was that of CFI employee Jeffrey Kett. As to the source underlying CFI-0014 (e-mail dated 2-25-02), this contains a listing of seven steroids, with Mr. Kett's annotations as to what he understood was found in Mr. Jovanovic's urine, and what he understood was found in the supplement based on testing that Mr. Jovanovic had done at Robert Green's lab in Arizona. As to the source underlying CFI-0022 (PerkinElmer analytical instruments at top of page), these are Mr. Kett's handwritten notes from a conference call between Mr. Kett, Julie Wagner and Robert Green about how Mr. Green tested the supplement.

This appears to be the information sought in your second motion to compel that your local counsel hand-delivered to the court February 8th. Accordingly, please let us know whether you will still be going forward with that second motion to compel.

We look forward to hearing from you regarding this issue, and hopefully resolving this discovery dispute. Thank you.

Very truly yours,

Paul V. Sullivan

Paul V. Sullivan

607774v1