UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL CLOUD | : | |
| | : | |
| v. | : | C.A. No. 03-392T |
| | : | |
| MUSCLETECH RESEARCH AND DEVELOPMENT, INC., et al. | : | |

**MEMORANDUM AND ORDER**

Before this Court for determination is Plaintiff's Motion to Compel (Document No. 66) Defendants, CFI Wisconsin I, LLC, and CFI of Wisconsin, Inc. d/b/a Century Foods International, ("CFI Defendants") to produce additional information regarding their expert witness, James Smith, Ph.D. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). A hearing was held on March 17, 2006. For the following reasons, Plaintiff's Motion is GRANTED, and the CFI Defendants are ORDERED to supplement the expert report of Dr. Smith as specified below.

Dr. Smith was deposed by Plaintiff on December 12, 2005. This expert deposition (and others) were conducted after the close of discovery by agreement of the parties. At the deposition, Plaintiff questioned Dr. Smith about the report he signed, and Dr. Smith revealed that several others at his firm (Dr. Smith is President of Trillium, Inc.) had worked on this project. (Smith Dep. Tr. at pp. 34-37, 42). Dr. Smith could not testify as to the fee his firm charged for the report, and could not specifically identify the portions of the report he personally drafted and the specific amount of time which he and other members of his firm spent on the project. Id. at pp. 35-37, 57. At, and subsequent to the deposition, Plaintiff's counsel informally requested copies of Dr. Smith's invoices,

a breakdown of hours spent by Dr. Smith working on the report, and the identity of the other individuals who worked on the report and their aggregate hours.

CFI Defendants contend that Plaintiff's informal requests are untimely as they came after the close of discovery. They also argue that a motion under Fed. R. Civ. P. 37(a) can only be used to compel a response to a formal discovery request under Fed. R. Civ. P. 30, 31, 33 or 34. Since Plaintiff's request does not arise out of a formal discovery request or Dr. Smith's refusal to answer a question at his deposition, CFI Defendants argue that Plaintiff cannot invoke Fed. R. Civ. P. 37.

CFI Defendants' arguments are hyper-technical and place form over substance. Although it is true that Dr. Smith did not refuse to answer any deposition questions, he was uninformed or at least under-informed as to certain lines of questioning at his deposition. As the designated expert and signatory to the expert report, Dr. Smith was open to examination about the report and its conclusions.

Under Fed. R. Civ. P. 26(a)(2)(B), Plaintiff is entitled to a written expert report "prepared and signed by the witness," (emphasis added), which includes "the basis and reasons" for the expert's opinions and "the compensation to be paid for the study and testimony." Under Fed. R. Civ. P. 37(a)(2)(A), a party may move to compel disclosure of information required under Fed. R. Civ. P. 26(a). Since the gaps in Dr. Smith's deposition testimony can reasonably be considered deficiencies in his report, Plaintiff can utilize Fed. R. Civ. P. 37(a) as a vehicle to compel disclosure. As to the timeliness argument, Plaintiff could not have anticipated the need for the information requested prior to Dr. Smith's deposition. Plaintiff acted promptly thereafter and it would be inequitable to dispose of this matter on timeliness grounds.

Finally, CFI Defendants argue that disclosure of the requested information would reveal opinion work product but they offer no specifics. This concern does not seem legitimate in view of the narrow requests made by Plaintiff. In addition, even if legitimate, this issue is effectively mooted by this Court's decision to order compliance in the form of a supplement to Dr. Smith's expert report and not a production of documents.

For the foregoing reasons, Plaintiff's Motion to Compel (Document No. 66) is GRANTED. CFI Defendants shall obtain and produce to Plaintiff a supplementary expert report of Dr. Smith. That report shall contain the total fee paid to Dr. Smith and his firm in connection with Dr. Smith's testimony and preparation of the initial expert report, the total time spent by Dr. Smith in connection with such activities, and the identity of the other individuals who worked on the report and the total time spent by each. Such supplemental expert report shall be provided to Plaintiff within twenty (20) days of the date of this ORDER.

LINCOLN D. ALMOND
United States Magistrate Judge
March 24, 2006